**Ex parte Floyd Austin MILLER.**

**No. 37115.**

Court of Criminal Appeals of Texas.

Oct. 14, 1964

Clyde Vinson, San Angelo, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

This is an appeal from an order entered in a habeas corpus proceeding by Honorable Joe L. Mays, Judge of the 51st Judicial District Court of Tom Green County, remanding appellant to custody for extradition to the State of Kansas.

The executive warrant issued by Governor John Connally, of Texas, directing the arrest of appellant and his delivery to agents of the State of Kansas for return to that state, was introduced in evidence.

The warrant and other papers introduced in evidence by the state show that appellant stands charged by complaint in the State of Kansas with the crime of child de-sertion, the complaint having been filed in the City Court of Hutchinson, Reno County, Kansas, on the 4th day of March, 1964.

Being regular on its face, the executive warrant made out a prima facie case authorizing the remand of appellant to custody for extradition. Ex parte Thompson, 171 Tex.Cr.R. 509, 351 S.W.2d 890.

Appellant insists that he should not be extradited, because the 51st Judicial District Court of Tom Green County, Texas, had exercised jurisdiction over him under the Texas Uniform Reciprocal Enforcement Act, Art. 2328b–1 et seq., Vernon's R.C.S., prior to institution of the extradition proceedings, and that he had submitted to the jurisdiction of that court.

Reliance is had upon Sec. 6 of the Enforcement Act (Art. 2328b–2), which provides:

"Any obligor contemplated by Section 5, who submits to the jurisdiction of the court of such other state and complies with the court's order of support, shall be relieved of extradition for desertion or nonsupport entered in the courts of this State during the period of such compliance."

In support of his contention, proof was offered by appellant that on February 25, 1963, a petition for child support was filed against him in the District Court of Reno County, Kansas, which was transmitted by that court, under the Kansas Uniform Reciprocal Enforcement of Support Act, to the 51st Judicial District of Tom Green County, Texas, for further proceedings.

On April 12, 1963, a hearing was held by the judge of the 51st Judicial District Court of Tom Green County on the petition after an answer had been filed by appellant denying that he was the father of the child named in the petition. On October 29, 1963, after the cause had been continued and reset for additional testimony, a final order was entered in the cause by Judge Mays, finding the evidence insufficient to

support a finding of liability for support by the defendant of the child named in the petition and ordering that "the relief prayed for be, and the same is, denied, without prejudice."

■■■ We are unable to agree that the order entered denying the relief prayed for in the petition for support was such as to relieve appellant from extradition to the State of Kansas to stand trial for the crime of child desertion. While Sec. 6 of the Support Act is applicable and relieves an obligor from extradition where the court orders support and there is compliance with the order, it is not applicable where no order for support is entered. Ex parte Brito, 172 Tex.Cr.R. 409, 358 S.W.2d 122. The section would not apply where support is denied, as in the instant case.

The judgment is affirmed.

Opinion approved by the Court.