**Ex parte William S. HAGAR.**

**No. 41586.**

Court of Criminal Appeals of Texas.

Nov. 13, 1968.

Rehearing Denied Dec. 18, 1968.

Robert S. Pieratt, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, Asst. Dist. Atty., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

This is an appeal from an order entered in a habeas corpus proceeding remanding the appellant to custody for extradition to the State of Oklahoma.

The executive warrant issued by the Governor of Texas, which appears regular on its face, was introduced in evidence. It recites that the appellant stands charged by information supported by affidavit, which are accompanied by warrant, with the crime of child abandonment. The warrant made out a prima facie case authorizing the remand of the appellant to custody for extradition. Ex parte Short, Tex.Cr.App., 423 S.W.2d 328.

The appellant contends in his brief that he should be discharged on the grounds that:

"The 'Preliminary Information' relied upon to initiate the requisition to the Governor of Texas alleges that the offense took place on March 1, 1967 while Relator was residing in the State of Alabama. In fact, the requisition of the Governor of Oklahoma states on its face that Relator committed an act *outside* the State of Oklahoma.

\* \* \* \* \* \*

"In this case the record *affirmatively* shows that the Complainant, Catherine R. Hagar, the alleged victim of the charge filed in Oklahoma voluntarily submitted herself to the jurisdiction of the Circuit Court of Lawrence County in the State of Alabama for the purpose of securing a Judgement for child support, thus negativing any suggestion that she claimed any sort of exclusive domicile in the State of Oklahoma. Therefore, Relator submits that since the record conclusively shows (p. 34) that Relator never lived with his wife in Oklahoma and that since the record also conclusively shows, (Exhibit A) that his wife appeared and submitted herself to the jurisdiction of the Court in Alabama for the purpose of securing an order for child support, there can be no claim by the State of Oklahoma that the Relator committed an offense in the demanding State subjecting him to extradition to Oklahoma."

At the hearing, the appellant testified that he was the person charged with committing the crime of child abandonment

on March 1, 1967, and sought to be extradited in this case; that in 1965 at his wife's request he took her and four of their six children from Alabama to Oklahoma and arranged for a house for them to live, left them there, and went to Houston, Texas; that later in 1965 he went from Houston to Alabama where he stayed until January, 1967, when he went to Waco, Texas, and on March 27, 1967, he went to Houston where he has remained since that date. The appellant's wife returned to Alabama from Oklahoma and while there a court order for support of the children was entered against him on January 12, 1967.

The Uniform Criminal Extradition Act, Section 6 of Art. 51.13, Vernon's Ann. C.C.P., pertaining to the extradition of persons not in the demanding state at the time of the commission of the crime provides as follows:

> "The Governor of this State may also surrender, on demand of the Executive Authority of any other State, any person in this State charged in such other State in the manner provided in Section 3 with committing an act in this State, or in a third State, intentionally resulting in a crime in the State whose Executive Authority is making the demand, and the provisions of this Article not otherwise inconsistent, shall apply to such cases, even though the accused was not in that State at the time of the commission of the crime, and has not fled therefrom."

■ In view of the above provisions of the statute and the record, the physical presence of the appellant in Oklahoma at the time of the alleged abandonment of the children or that he fled therefrom are not required to authorize his extradition. 25 Tex.Jur.2d 135, Sec. 12; 9 Uniform Laws Ann., Criminal Extradition, p. 302, Sec. 6.

The trial court did not err in remanding the appellant to custody for extradition.

The judgment is affirmed.

## OPINION
## ON APPELLANT'S MOTION
## FOR REHEARING

MORRISON, Judge.

Appellant, on rehearing, relies upon Ex parte Miller, Tex.Cr.App., 382 S.W.2d 937, and urges that such decision by this Court precludes his extradition to Oklahoma because appellant submitted to the jurisdiction of the Circuit Court of Lawrence County in the State of Alabama which ordered him to make certain payments for the support of his minor children, and that Sec. 6(e) of Art. 2328b-4,[1] Vernon's Ann. Civ.St. is thus applicable.

■ Sec. 6(e), supra, is applicable only when "the person demanded is complying with the support order." In the case at bar, there is an absence of any showing that appellant complied with the order of the Circuit Court of Lawrence County, Alabama. Sec. 6(e), supra, is therefore not controlling.

■ We further note that extradition of appellant to Oklahoma is sought not upon the support order of any court, either in Alabama or Oklahoma, but upon a violation of Art. 21, Sec. 853 O.S.A. (a copy of which was introduced in evidence), which makes it a felony to "neglect or refuse to maintain or provide for" minor children. Appellant's submission to the jurisdiction of any court is therefore immaterial insofar as his amenability to prosecution by Oklahoma authorities under Art. 21, Sec. 853, supra.

Appellant's motion for rehearing is overruled.

---

1. Formerly Art. 2328b–1, Sec. 6, V.A.C.S., repealed by Acts of 59th Leg. (1965), ch. 679, sec. 30, p. 1561.