**Ex parte Russsell Joseph BACQUET.**

**No. 44397.**

Court of Criminal Appeals of Texas.

July 28, 1971.

No attorney on appeal.

Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

The appeal is from an order in a habeas corpus proceeding remanding appellant to custody for extradition to the State of Oklahoma.

The executive warrant of the Governor of Texas was introduced. It recites that the appellant " * * * stands convicted of the crime of Contributing To The Delinquency of A Minor before the proper authorities by Judgment, Sentence Granting Probation, Bench Warrant and thereafter Violated The Terms Of His Probation." The warrant being regular on its face made a prima facie case for extradition. Ex parte Starks, Tex.Cr.App., 464 S.W.2d 837; Ex parte Slavin, Tex.Cr. App., 461 S.W.2d 421.

The appellant offered into evidence the supporting papers for the executive warrant. After an objection was sustained, he testified for the purpose of a bill of exceptions that at the time of conviction in Oklahoma he was without counsel, was indigent and did not waive his right to counsel.

We have held in many cases that the guilt or innocence is not an issue to be determined in the asylum state in extradition proceedings. Ex parte Sutton, Tex.Cr. App., 455 S.W.2d 274. See 1 Branch's Ann.P.C.2d, Section 230, and 93 A.L.R. 916.

We hold that appellant cannot now collaterally attack in Texas the Oklahoma judgment. This is a matter which should be decided in the demanding state where the issue of guilt of an accused is determined. We should give full faith and credit to a judgment of a sister state. Further, the witnesses to attack or to sustain the validity of the judgment are available in the demanding state, and the asylum state is not a convenient forum.

The judgment remanding appellant to custody for extradition is affirmed.

No motion for rehearing will be filed by the clerk except upon leave of this Court.

ODOM, J., not participating.