**Ex parte Harvey James McMILLAN.**

**No. 45830.**

Court of Criminal Appeals of Texas.

July 12, 1972.

---

No attorney on appeal.

Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This appeal is from an order in a habeas corpus proceeding remanding appellant to custody for extradition to the State of South Dakota.

At the habeas corpus hearing the Executive Warrant of the Honorable Preston Smith, Governor of the State of Texas, was introduced, along with all of the supporting papers.

The appellant, testifying in his own behalf, stated that he and his mother had lived in Sioux Falls, South Dakota, in early January of 1971. He was not certain of the date but he had left the State of South Dakota with his mother to join his father, who was in the military service in El Paso, prior to the 16th day of January, 1971, the date on which it was alleged the offense occurred.

It is the appellant's contention that he should not be remanded for extradition because he was not in the State of South Dakota on the date alleged to have been the day the crime was committed and for the additional reasons that he is not charged by a "proper accusation" and the evidence would not show an act which would be a violation of the laws of the State of South Dakota.

The appellant's testimony that he was not in the demanding state on the date of the alleged offense is insufficient to overcome the prima facie case established by the Governor's Warrant that he was in fact the same individual sought by the South Dakota authorities and that he was in the demanding state at the time the offense was alleged to have been committed. Ex Parte Binette, 465 S.W.2d 373 (Tex.Cr.App.1971); Ex Parte Harvey, 459 S.W.2d 853 (Tex.Cr.App.1970); Ex Parte Sutton, 455 S.W.2d 274 (Tex.Cr.App.1970); Ex Parte Buel, 468 S.W.2d 385 (Tex.Cr.App. 1971); and Delgado v. State, 158 Tex.Cr.R. 52, 252 S.W.2d 935 (1952).

In an extradition proceeding the Texas courts are not called upon to decide whether or not the demanding state may prosecute the accused on the basis of the supporting papers standing alone. Ex Parte Beckham, 468 S.W.2d 446 (Tex.Cr.App. 1971); Ex Parte Posey, 453 S.W.2d 833 (Tex.Cr.App.1970) and Ex Parte Clubb, 447 S.W.2d 185 (Tex.Cr.App.1969). The guilt or innocence of the appellant is not an issue to be determined in the asylum state in extradition proceedings. Ex Parte Bacquet, 469 S.W.2d 578 (Tex.Cr.App.1971); Ex Parte Sutton, *supra*.

The Executive Warrant introduced in the proceedings appearing to be regular, the order remanding appellant to custody for extradition is affirmed.

No motion for rehearing will be entertained or filed with the clerk without leave of the court first being obtained after good cause has been shown.

Opinion approved by the Court.