The STATE of Texas, Relator,

v.

Joe Max TAYLOR, Sheriff, Galveston County, Texas and the Honorable Ed Harris, Judge of the 56th District Court of Galveston County, Texas, Respondents.

No. 01–92–00842–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Sept. 24, 1992.

Rehearing Denied Oct. 22, 1992.

Denise V. Wilkerson, Galveston, for relator.

Andrew J. Mytelka, Galveston, for respondents.

Before SAM BASS, COHEN and JONES, JJ.

## OPINION

JONES, Justice.

This is a motion for leave to file petition for writ of mandamus and writ of prohibition, brought by the district attorney of Galveston County pursuant to the provisions of the extradition clause of the United States Constitution, U.S. CONST. art. IV, § 2; the federal statute requiring interstate extradition of fugitives on demand, 18 U.S.C. § 3182 (1988); and the Uniform Criminal Extradition Act, TEX.CODE CRIM. P.ANN. art. 51.13 (Vernon 1979). Relator

asks this Court to issue a writ of mandamus to respondent sheriff, directing that he complete the execution of the governor's warrant requiring the extradition of Dennis Lee Hunt to the state of Wisconsin, by arresting him and promptly delivering him to the designated agents of that state. Relator also asks that this Court issue a writ of mandamus to the respondent judge, directing him to rescind his prior order granting habeas corpus relief from the governor's warrant of extradition. In the alternative, relator asks this Court to issue a writ of prohibition to the respondent judge, directing him not to interfere with the sheriff's execution of the warrant or attempting to enforce, by contempt proceedings or otherwise, the judgment granting habeas corpus relief from the warrant.

The real party in interest is Dennis Lee Hunt, whom the Governor of Texas ordered extradited to the state of Wisconsin, upon demand of the governor of Wisconsin, to be prosecuted for the felony offense of nonsupport. The supporting paperwork that accompanied the Wisconsin governor's requisition reflects that Mary Ellman Hunt and Dennis Lee Hunt were divorced on March 23, 1976, in the Court of Domestic Relations of Galveston County, Texas. One child was a product of this marriage. The court ordered Dennis Hunt to pay $100 per month, starting on the first day of April of 1976, through the Galveston County Child Support Department until the child was 18 years old.

In 1982, Mary Hunt and the child moved to Door County, Wisconsin; Dennis Hunt stayed in Galveston, Texas. In response to actions taken by the Door County Child Support Office of Wisconsin, the Texas court entered an order under the Texas Uniform Reciprocal Enforcement of Support Act (URESA), TEX.FAM.CODE ANN. §§ 21.01 et seq. (Vernon Supp.1992), on January 26, 1987. The Texas URESA action set Dennis Hunt's arrears at $15,400 as of January 1, 1988. The URESA order required him to pay $100 per month in current child support and an additional $50

per month toward his child support arrears. Payment records maintained by the Door County Clerk of Court show that the last child support payment from Dennis Hunt was received on July 30, 1990, in the amount of $200. In 1991, he paid no child support.

As of March 3, 1992, Dennis Hunt's child support arrearage totaled $17,624.92. On June 12, 1992, the governor of Texas issued the Wisconsin governor's warrant of extradition to the sheriff of Galveston County, Texas; it was served on Dennis Hunt. Hunt filed his application for writ of habeas corpus, alleging his extradition would be unconstitutional.

On July 6, 1992, Judge Harris held a hearing on Hunt's writ of habeas corpus and received evidence from the State's attorney, who offered the governor's warrant into evidence. The applicant stipulated he was the same Dennis Lee Hunt named in the governor's warrant. On July 27, 1992, Judge Harris granted relief in an order that stated Wisconsin does not have jurisdiction over the subject matter of Dennis Lee Hunt, personally.

The State seeks relief by way of mandamus to compel Judge Harris to rescind his order granting Hunt habeas corpus relief. In order for mandamus to issue, the party seeking mandamus must show (1) there is no other adequate remedy available, and (2) the act sought to be compelled is a ministerial act. *Braxton v. Dunn*, 803 S.W.2d 318, 320 (Tex.Crim.App. 1991). Though mandamus is not available to compel a discretionary act, as distinguished from a ministerial act, *State v. Denson*, 671 S.W.2d 896, 899 (Tex.Crim. App.1984), mandamus will issue where there is but one proper order to be entered. *State v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim.App.1987).

## No Adequate Remedy Available

Under the first prong, this Court must determine whether mandamus is proper when the State receives an adverse

ruling on a writ of habeas corpus in an extradition proceeding. *State v. Klevenhagen*, 819 S.W.2d 539, 541–42 (Tex.Crim. App.1991). Article 44.01 of the Texas Code of Criminal Procedure does not contain a provision that authorizes the State to appeal this type of adverse ruling. Issuance of a second governor's warrant would be futile, as Judge Harris did not find any deficiency in the first warrant, but granted Hunt's writ on due process grounds. We, therefore, conclude that relator has no other adequate remedy at law.

### Act is Ministerial

The question now remains whether the act sought to be compelled is a ministerial act. The trial court's order held that Dennis Lee Hunt was not *substantially* charged with an offense in Wisconsin, in that he was not and has not been present in that State since the order commanding him to pay child support was entered and that the child support order at issue requires Hunt to make his payment in Galveston County.

In the case of *Michigan v. Doran*, the Supreme Court of the United States concluded that once the governor of an asylum state grants extradition, a court considering release on habeas corpus can do no more than decide (a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive. *Michigan v. Doran*, 439 U.S. 282, 289, 99 S.Ct. 530, 535, 58 L.Ed.2d 521 (1978). The Supreme Court noted that interstate extradition was intended to be a summary and mandatory executive proceeding and that the extradition clause of the Constitution, U.S. CONST. art. IV, § 2, cl. 2, never contemplated that the asylum state was to conduct the kind of preliminary inquiry traditionally intervening between initial arrest and trial. *Doran*, 439 U.S. at 288, 99 S.Ct. at 534. A

governor's grant of extradition is prima facie evidence that constitutional and statutory requirements have been met. *Id.*

Exhibits before this Court show that a felony warrant for the arrest of Dennis Lee Hunt is attached to the governor's warrant, which names Hunt, states the offense by its shorthand rendition, gives the section number of the statute violated, finds that probable cause exists that the crime was committed by the defendant, and commands that he be arrested. The governor's warrant alleges that Hunt's actions in Galveston County, Texas, resulted in a crime in Wisconsin, the failure to provide support for his child. A "minimum contacts" analysis is not applicable to establish jurisdiction in criminal prosecutions. *See Ex parte Boetscher*, 812 S.W.2d 600, 602 (Tex.Crim.App.1991). The crime of nonsupport is committed where the child resides. *State v. Paiz*, 817 S.W.2d 84, 86 (Tex.Crim.App.1991). Article 51.13 of the Texas Code of Criminal Procedure provides that the governor may surrender any person whose actions in Texas intentionally result in a crime in the demanding state, even though the accused was not in the demanding state at the time of the commission of the crime and has not fled from that state. TEX.CODE CRIM.P.ANN. art. 51.13, § 6 (Vernon 1979). *See Ex parte Hagar*, 434 S.W.2d 675, 677 (Tex.Crim.App.1968); TEX. FAM.CODE ANN. § 21.05(2) (Vernon Supp. 1992).

In the present case, Judge Harris found that Hunt had not been substantially charged with a crime in the state of Wisconsin and that extradition of Hunt to Wisconsin would violate article I, sections 10, 11, 13, 18, 19, and 20 of the Texas Constitution and the Fifth and Fourteenth Amendments of the United States Constitution. The Supreme Court has rejected the "substantially charged" language, noting if the Court were to adopt the requirement that an individual be substantially charged, an inquiry would have to be made into whether the indictment properly charges the individual with a crime. *California v. Superi-*

*or Court of California,* 482 U.S. 400, 408–09, 107 S.Ct. 2433, 2438–39, 96 L.Ed.2d 332 (1987). Such an inquiry is not permitted. *Id.* at 410–11, 107 S.Ct. at 2439–40; *Doran,* 439 U.S. at 288–90, 99 S.Ct. at 534–36.

If we accept as true every fact alleged in the documents, Hunt was properly charged with felony nonsupport under Wisconsin law. This ends our inquiry into the issue of whether or not Hunt was charged with a crime for purposes of the Extradition Act.

The governor granted extradition, and the State of Texas complied with the Extradition Act; therefore, denial of habeas corpus relief to Hunt was constitutionally mandated by the extradition clause of the Constitution. The second prong for mandamus to issue has been satisfied.

We hold that the judge had no discretion to grant Hunt habeas corpus relief. We conditionally grant the writ of mandamus and order Judge Harris to rescind his order granting the writ of habeas corpus and to enter an order granting extradition of Hunt to the state of Wisconsin. The writ of mandamus will issue only if he fails to do so. Because of our resolution of the mandamus action, we decline to address the issues presented by the prohibition action. This Court is not empowered under Texas Government Code, section 22.221, to issue a writ against Sheriff Taylor. In all other respects, therefore, relief is denied.