**Ex parte Nicholas John LEPF.**

**No. 13–92–529–CR.**

Court of Appeals of Texas, Corpus Christi.

Jan. 28, 1993.

Rehearing Overruled Feb. 25, 1993.

Discretionary Review Refused April 14, 1993.

759

Michael W. Williams, Port Aransas, for appellant.

Thomas L. Bridges, District Attorney's Office, Anita O'Rourke, Asst. County Atty., Sinton, for State.

Before NYE, C.J., and SEERDEN and GILBERTO HINOJOSA, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from an order of the trial court entered in a habeas corpus proceeding in which applicant had sought to prevent his extradition to California. By three points of error, he complains that the trial court erred by not granting him habeas corpus relief. We affirm.

In *Michigan v. Doran*,[1] the Supreme Court discussed the purpose of the extradition clause found in the federal constitution and the corresponding duties of the demanding and asylum states. The Court stated that "extradition clause was intended to enable each state to bring offenders

---

1. 439 U.S. 282, 99 S.Ct. 530, 58 L.Ed.2d 521 (1978).

to trial as swiftly as possible in the state where the alleged offense was committed." "Interstate extradition was intended to be a summary and mandatory executive proceeding derived from the language of Art. IV, § 2, cl. 2, of the Constitution." The Court also stated that the courts of an asylum state are bound by the extradition clause and by the Uniform Criminal Extradition Act where adopted.[2] A governor's grant of extradition is prima facie evidence that the constitutional and statutory requirements have been met.

■■■ The United States Supreme Court has limited the function of an asylum state in extradition proceedings. An asylum state court may do no more than ascertain whether the requisites of the Extradition Act have been met. *California v. Superior Court of California*, 482 U.S. 400, 409, 107 S.Ct. 2433, 2439, 96 L.Ed.2d 332 (1987); *State ex rel. Holmes v. Klevenhagen*, 819 S.W.2d 539, 542 (Tex.Crim.App.1991). As the Court held in *Doran*, the Extradition Act leaves only four issues open for consideration before the fugitive is delivered up:

1. whether the extradition documents on their face are in order;
2. whether the petitioner has been charged with a crime in the demanding state;
3. whether the petitioner is the person named in the request for extradition;
4. whether the petitioner is a fugitive.

Neither defenses nor the guilt or innocence of the charged party is to be considered during extradition proceedings. *California v. Superior Court*, 482 U.S. at 408, 107 S.Ct. at 2438; *Klevenhagen*, 819 S.W.2d at 543.

■ At the habeas hearing in this case, the State introduced into evidence the Executive Warrant of the Governor of Texas and the Requisition of the Governor of California, along with its supporting papers. The Governor's Warrant shows that applicant:

[S]tands charged with the crime of VIOLATION OF CUSTODY ORDER and is now to be found in the State of Texas,

and the said Governor having, pursuant to the laws of the State of Texas and of the demanding state, demanded of me that I shall cause the said accused to be arrested and delivered to ... agent(s) ... and convey the accused back to the demanding state....

The Governor's Warrant further stated that the "representation and demand is accompanied by a copy of AFFIDAVIT MADE BEFORE A MAGISTRATE, WARRANT certified by the Governor of the demanding state to be authentic, whereby the accused is charged with said crime; and it satisfactorily appearing that the representations of said Governor are true...." Governor Ann Richards and Secretary of State John Hannah signed the Governor's Warrant. A San Patricio County sheriff's deputy testified that applicant acknowledged that he was the person that California was seeking.

The introduction into evidence of a Governor's Warrant creates a prima facie case authorizing extradition. When the warrant is introduced, the applicant bears the burden to show that he or she was not the person charged in the demanding state. *Ex parte Scarbrough*, 604 S.W.2d 170, 174 (Tex.Crim.App.1980); *Ex parte Harvey*, 459 S.W.2d 853, 854 (Tex.Crim.App.1970); *Ex parte Britton*, 382 S.W.2d 264, 266 (Tex.Crim.App.1964).

In this case, the Governor's Warrant was regular on its face. Thus, the State made a prima facie case for extradition. *See Ex parte Flores*, 548 S.W.2d 31, 32 (Tex.Crim. App.1977); *Ex parte Martinez*, 530 S.W.2d 578, 579 (Tex.Crim.App.1975); Tex.Code Crim.Proc.Ann. art. 51.13, § 3 (Vernon 1979). Applicant did not allege or prove that he was not the person charged in the demanding state.

■ By point one, applicant complains that the trial court erred by not granting him habeas corpus relief in light of uncontrovertible evidence that the crime alleged to have been committed under California law did not happen and could not have

2. Both Texas and California have adopted this act. *See* Tex.Code Crim.Proc.Ann. art. 51.13 (Vernon 1979) and Cal.Penal Code Ann. §§ 1547–1556.2 (West 1982).

happened. The First Amended Felony Criminal Complaint charged applicant with violating a custody order on June 30, 1992. Applicant's contention is that he did not violate the custody order on that date because his possession of his child on that date was legal and within the purview of the custody order.

As stated above, the applicant's guilt or innocence is not an issue to be determined in the asylum state in extradition proceedings. *California v. Superior Court,* 482 U.S. at 408, 107 S.Ct. at 2438; *Klevenhagen,* 819 S.W.2d at 543; *Ex parte McMillan,* 482 S.W.2d 640, 641 (Tex.Crim.App. 1972). In this case, applicant's point, in substance, asks us to determine his guilt or innocence, which is not the subject for an extradition hearing.

 By point two, applicant complains that the trial court erred by not granting him habeas corpus relief because he had not at any material time been in California and was not a fugitive from justice of the demanding state. Article 51.13, § 6 of the Texas Code of Criminal Procedure (Uniform Criminal Extradition Act) provides:

> The Governor of this State may also surrender, on demand of the Executive Authority of any other State, any person in this State charged in such other State in the manner provided in Section 3 with committing an act in this State, or in a third State, intentionally resulting in a crime in the State whose Executive Authority is making the demand, and the provisions of this Article not otherwise inconsistent, shall apply to such cases, *even though the accused was not in that State at the time of the commission of the crime, and has not fled therefrom.*

TEX.CODE CRIM.PROC.ANN. art. 51.13, § 6 (Vernon 1979) (emphasis ours). In this case, California authorities charged applicant with committing an act in Texas, resulting in a crime in California. Under this scenario, applicant is subject to extradition to California.

 By point three, applicant complains that the trial court erred by denying him habeas corpus relief because the trial court, in effect, gave validity to a retroactive law in contravention of the Texas Constitution. Applicant's contention is that California could not have charged him with the offense because the alleged conduct was not an offense on the date it was alleged to have been committed. This argument challenges guilt/innocence and is not an issue to be determined in the asylum state in an extradition proceeding. *See California v. Superior Court,* 482 U.S. at 408, 107 S.Ct. at 2438; *Klevenhagen,* 819 S.W.2d at 543; *McMillan,* 482 S.W.2d at 641.

We overrule all of applicant's points of error and AFFIRM the trial court's judgment.