**Hervey IBARRA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–96–01280–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 21, 1997.

Rehearing Overruled Sept. 16, 1997.

---

David Benjamin Gerger, Houston, for Appellant.

John B. Holmes, Julie Klibert, Houston, for Appellee.

Before MIRABAL, HEDGES and ANDELL, JJ.

## OPINION

MIRABAL, Justice.

This is an appeal from the denial of habeas corpus relief from a governor's warrant of extradition. We affirm.

Appellant, Hervey Ibarra, was indicted in the State of Alabama for criminal conspiracy to traffic in marijuana. The Alabama indictment alleges appellant:

did agree with Eugene Hawk to commit the crime of Trafficking in Marijuana, as proscribed by Section 13A–12–231 of the code of Alabama, 1975, as amended, with the intent that conduct constituting said offense be performed and that Hervey Ibarra did agree to sell a quantity of marijuana in excess of 2.2 pounds to be delivered to one Robert Dale Henderson in

Russel County, Alabama in furtherance of said crime, in violation of 13A–12–204 of the Code of Alabama, against the peace and dignity of the State of Alabama.

Listed as a witness to the indictment is "Agent Eugene Hawk."

Alabama submitted its request for extradition and alleged appellant "committed an act or acts in the State of Texas which intentionally resulted in the commission of said crime in Russel County, Alabama." The governor of Texas signed a Governor's Warrant for appellant's extradition.

At the hearing on the writ of habeas corpus, the State did not offer any evidence of Alabama law. With regard to the status of Eugene Hawk, the following took place:

Appellant's Counsel: Mr. Ibarra is charged with agreeing with Eugene Hawk. For the record I am looking at the Indictment from Grand Jury no. 152. There is no dispute that Eugene Hawk is an Alabama Department of Public Safety Officer.

The State: I believe he's an officer. I can't say that he's a Department of Public Safety Officer.

Appellant's Counsel: He's a law enforcement officer with the State of Alabama.

In his sole point of error, appellant asserts the trial court erred in ordering him extradited to Alabama because he has not been charged with a "crime" there.

Article 51.13 of the Texas Code of Criminal Procedure provides that the governor may surrender any person whose actions in Texas intentionally result in a crime in the demanding state, even though the accused was not in the demanding state at the time of the commission of the crime and has not fled from that state. TEX.CODE CRIM. P. ANN. art. 51.13 § 6 (Vernon 1981); *See Ex parte Hagar,* 434 S.W.2d 675, 677 (Tex.Crim.App.1968); *State v. Taylor,* 838 S.W.2d 895, 897 (Tex.App.— Houston [1st Dist.] 1992, no pet.).

█ Once the governor of an asylum state grants extradition, a court considering release on habeas corpus can only decide (a) whether the extradition documents on their face are in order; (b) whether the petitioner

has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive. *Michigan v. Doran,* 439 U.S. 282, 289, 99 S.Ct. 530, 535, 58 L.Ed.2d 521 (1978); *Ex parte Flores,* 548 S.W.2d 31, 32 (Tex. Crim.App.1977); *Taylor,* 838 S.W.2d at 897. A governor's grant of extradition is prima facie evidence that constitutional and statutory requirements have been met. *Doran,* 439 U.S. at 289, 99 S.Ct. at 535; *Taylor,* 838 S.W.2d at 897. If the Governor's Warrant is regular on its face, the burden shifts to the accused to show the warrant was not legally issued, not based on proper authority, or contains inaccurate recitals. *Ex parte Cain,* 592 S.W.2d 359, 362 (Tex.Crim.App.1980). Appellant challenges only the requirement that the petitioner has been charged with a crime in the demanding state.

■ Unless shown to the contrary, it is presumed that the law of the demanding State is the same as that of the asylum State. *Ex parte Burns,* 507 S.W.2d 777, 779 (Tex. Crim.App.1974). No evidence was offered in the trial court regarding Alabama law; therefore, we assume Alabama law is the same as the law of Texas. Thus, an offense for which appellant can neither be charged nor tried in Texas is not an extraditable offense. *Ex parte Dodson,* 387 S.W.2d 406, 407 (Tex.Crim.App.1965). *Cf. Ex parte Brunner,* 396 S.W.2d 125, 126 (Tex.Crim. App.1965) (writ of habeas corpus granted because New Mexico indictment charged defendant with "defrauding," which was not a crime in Texas).

Appellant is charged with conspiracy to sell marijuana under ALA. CODE § § 13A-4-3 & 13A-12-204 (1975). Both criminal conspiracy and the delivery or sale of marijuana are crimes in Texas. TEX. HEALTH & SAFETY CODE ANN. § 481.120 (Vernon Supp.1997); TEX. PENAL CODE ANN. § 15.02 (Vernon 1994).

Despite the fact that the Alabama indictment alleges appellant committed acts which are crimes in Texas, appellant argues he has not been charged with a crime because the indictment indicates Hawk is an Alabama law enforcement officer, and according to appellant, a law enforcement officer cannot be a conspirator under Texas law if he is acting within the scope of his authority. In support of this proposition, appellant cites *Williams v. State,* 646 S.W.2d 221 (Tex.Crim.App. 1983). However, in *Williams* it was the evidence, after a full trial, that showed the police informant never had the intent to commit the offense, and, therefore, the evidence was insufficient to support the defendant's conviction for conspiracy. *Id.* at 223. As in *Williams,* whether Hawk was a co-conspirator depends on a factual determination of his intent.

Appellant makes arguments similar to the appellant in *Drew v. Thaw,* 235 U.S. 432, 35 S.Ct. 137, 59 L.Ed. 302 (1914). In *Drew,* the appellant was indicted in New York for conspiring to escape from a mental institution to which he was confined after being found not guilty by reason of insanity. 235 U.S. at 438, 35 S.Ct. at 138. Appellant argued that he could not be guilty of conspiring to commit an act that was not a crime; if he was insane at the time he conspired to escape, he could not be committing a crime. *Id.* The Supreme Court held:

> In extradition proceedings, even when, as here, a humane opportunity is afforded to test them upon habeas corpus, the purpose of the writ is not to substitute the judgment of another tribunal upon the facts or the law of the matter to be tried.

235 U.S. at 439, 35 S.Ct. at 138.

■ Appellant asks us to make a factual determination that Hawk could not have had the intent to conspire to traffic marijuana with appellant because Hawk is reflected as "Agent Hawk," a witness to the indictment, and because he is believed to be an Alabama peace officer. However, as courts of the asylum state, neither we nor the trial court have the authority to make such a factual determination. Whether Hawk was actually a law enforcement officer, and whether he was acting within the scope of his authority as an officer or, instead, had the intent to conspire with appellant, are questions of fact left to the courts of the demanding state at the trial on appellant's guilt or innocence. *Drew,* 235 U.S. at 438-39, 35 S.Ct. at 138; *see also Wray v. State,* 624 S.W.2d 573, 576

(Tex.Crim.App.1981) (whether appellant was subject to jurisdiction of demanding state for conduct under interference with child custody statute and whether appellant caused conduct prohibited by statute reserved to courts of demanding state); *Ex parte Wilson,* 781 S.W.2d 421, 424 (Tex.App.—Houston [1st Dist.] 1989, no pet.)(whether appellant was discharged by demanding state's authorities reserved to courts of demanding state); *Ex parte Lepf,* 848 S.W.2d 758, 761 (Tex.App.—Corpus Christi 1993, pet. ref'd) (whether appellant's possession of child was legal reserved to courts of demanding state).

 The asylum state does not consider defenses, or the guilt or innocence of the charged party, in an extradition proceeding. *California v. Superior Court,* 482 U.S. 400, 408–09, 107 S.Ct. 2433, 2438–39, 96 L.Ed.2d 332 (1987); *State, ex rel. Holmes v. Klevenhagen,* 819 S.W.2d 539, 542 (Tex.Crim.App. 1991). The asylum state may not inquire into whether the charging instrument is sufficient to withstand a generalized motion to dismiss or common law demurrer. *California v. Superior Court,* 482 U.S. at 410, 107 S.Ct. at 2440. Our inquiry here is limited to whether appellant has been charged with a crime in the demanding state. *Doran,* 439 U.S. at 289, 99 S.Ct. at 535. On its face, the Alabama indictment alleges an offense against appellant; therefore, the trial court properly denied habeas corpus relief.

Accordingly, we overrule appellant's sole point of error.

We affirm the judgment.