**Michael Wayne POTTER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–99–01067–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 9, 1999.

---

Frank M. Sheppard, Houston, for appellant.

Calvin A. Hartman, Houston, for appellee.

Panel consists of Justices YATES, FOWLER and FROST.

## O P I N I O N

LESLIE BROCK YATES, Justice.

Michael Wayne Potter (Appellant) appeals from the trial court's habeas corpus judgment. The Governor of the State of Michigan presented the Governor of the State of Texas a requisition for rendition seeking the extradition of Appellant from the State of Texas to the State of Michigan. In the requisition, it is alleged that Appellant committed the felony offense of arson while in the State of Michigan. In response, Governor George W. Bush issued a warrant to arrest and secure Appel-

lant and deliver him to into the custody of the State of Michigan. *See* TEX.CODE CRIM. PROC. ANN. art. 51.13, § 7 (Vernon 1979 & Supp.1999). Appellant filed an application for writ of habeas corpus, contending that he should be released and not extradited because he is neither mentally competent to understand the extradition proceedings nor to stand trial in the State of Michigan. The trial court denied Appellant's requested relief. We affirm.

■ Once the governor of an asylum state grants extradition, a court considering release on habeas corpus can decide only (a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive. *See Ibarra v. State,* 961 S.W.2d 415, 416–17 (Tex.App.-Houston [1 st Dist.] 1997, no pet.) (citing *Michigan v. Doran,* 439 U.S. 282, 289, 99 S.Ct. 530, 535, 58 L.Ed.2d 521 (1978); *Ex parte Flores,* 548 S.W.2d 31, 32 (Tex.Crim. App.1977)); *see also Yost v. State,* 861 S.W.2d 73, 75 (Tex.App.-Houston [14 th Dist.] 1993, no pet.); *Rentz v. State,* 833 S.W.2d 278, 279 (Tex.App.-Houston [14 th Dist.] 1992, no pet.). A governor's grant of extradition is *prima facie* evidence that constitutional and statutory requirements have been met. *See Doran,* 439 U.S. at 289, 99 S.Ct. at 535; *Ibarra,* 961 S.W.2d at 417. If the Governor's Warrant is regular on its face, the burden shifts to the accused to show the warrant was not legally issued, not based on proper authority, or contains inaccurate recitals. *See Ex parte Cain,* 592 S.W.2d 359, 362 (Tex.Crim.App. 1980).

Appellant's contention does not concern any of the above-identified discrete issues. Rather, Appellant contends that he is entitled to be released from custody because he is mentally incompetent. To prove that contention, Appellant requests a competency hearing in a Texas court to determine his mental competency to understand the extradition proceedings against him and to stand trial in the State of Michigan. While a Texas court has not been squarely confronted with the issue raised by Appellant, other jurisdictions have rejected such an extradition challenge. *See Charlton v. Kelly,* 229 U.S. 447, 462, 33 S.Ct. 945, 950, 57 L.Ed. 1274 (1913); *Kellems v. Buchignani,* 518 S.W.2d 788 (Ky.1975); *State ex rel. Davey v. Owen,* 133 Ohio St. 96, 12 N.E.2d 144 (1937); *but cf. People v. Kent,* 133 Misc.2d 505, 507 N.Y.S.2d 353 (N.Y.Sup.Ct.1986) (in order for trial court to conduct fair inquiry into the issues which may be raised by a defendant challenging extradition, a defendant must have sufficient mental competency to understand the nature of the proceedings against him and to consult with and assist counsel). The United States Supreme Court held that when the subject of an extradition proceeding objects to his extradition on the basis of alleged insanity, "it is an objection which should be taken before or at the time of his trial for the crime, and heard by the court having jurisdiction of the crime." *Charlton,* 229 U.S. at 462, 33 S.Ct. at 950. The Supreme Court of Kentucky held that "the question of the mental competence of a fugitive in extradition proceedings is not relevant." *Kellems,* 518 S.W.2d at 788.

■ Adopting a "middle of the road" approach, in *Oliver v. Barrett,* the Supreme Court of Georgia held that the "mental competency of a fugitive is only relevant insofar as it concerns his ability to assist counsel in ascertaining and preparing for the limited issues to be decided in an extradition hearing." 269 Ga. 512, 514, 500 S.E.2d 908, 910 (1998) (citing *State v. Tyler,* 398 So.2d 1108, 1111 (La.1981)). The limited issues for inquiry in an extradition proceeding, as noted above, are the validity of the extradition documents, whether the petitioner is charged with a crime, the identity of the petitioner, and the petitioner's status as a fugitive. *See id.* The Georgia Supreme Court held that "[o]f these four issues, a petitioner's mental competence realistically impacts only upon the last two—identity and fugitive

status." *Id.* Thus, where a petitioner in an extradition proceeding claims he is mentally incompetent, "the habeas court need only determine whether the petitioner is sufficiently competent to assist counsel in ascertaining his identity and whereabouts at the time of the crime." *Id.*

■ We adopt the Georgia approach. In the case at bar, although Appellant claims he is mentally incompetent and does not understand the nature of the extradition proceedings, he does not contend that he is so incompetent that he is unable to assist counsel in ascertaining his identity or his presence in Michigan when the crime was allegedly committed. Moreover, the record presented for our review does not support such a contention.

Our review of the habeas corpus record in this matter shows that (1) the extradition documents on their face are in order, (2) Appellant has been charged with a crime in the demanding state, (3) Appellant is the person named in the request for extradition, and (4) Appellant is a fugitive. *See Ibarra,* 961 S.W.2d at 416–17. Therefore, the trial court did not err in denying Appellant's requested habeas corpus relief.

The habeas corpus judgment is affirmed.