COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-298-CR
  
  
EX 
PARTE
  
 
  
BARRY 
LEE LEKAVICH
  
  
------------
 
FROM 
THE 158TH DISTRICT COURT OF DENTON COUNTY
 
------------
 
OPINION
 
------------
        Appellant 
Barry Lee Lekavich appeals from the trial court’s denial of his application 
for writ of habeas corpus, in which he seeks to avoid extradition to Virginia. 
We affirm.
        On 
November 2, 2001, appellant pled guilty and was convicted of misdemeanor 
contempt of court in Norfolk, Virginia. He was sentenced to twelve months in 
jail; all but one weekend in jail was suspended, and appellant was placed on an 
indefinite term of unsupervised probation so long as he complied with a 1997 
consent order. Appellant violated the terms of his probation.
        The 
judge of the Circuit Court of Norfolk signed a “Misdemeanor Order - Probation 
Violation Capias” on October 1, 2002. Based on that order, Virginia sought 
extradition of appellant from Texas, and the Governor of Texas issued a 
governor’s warrant on June 2, 2003. After a hearing, the trial court denied 
appellant’s application for writ of habeas corpus seeking to avoid 
extradition.
        In 
several issues, appellant contends that extradition is improper because he has 
not been charged with a crime in Virginia and he is not guilty of any crime. 
Appellant claims this matter arises from a civil child support enforcement 
action against him and that he has paid all arrearages. However, the 
governor’s warrant states that appellant was convicted in Virginia of 
misdemeanor contempt of court, violated the terms of his probation, and fled to 
Texas.
        Once 
the governor of an asylum state grants extradition, a court considering release 
on habeas corpus can do no more than decide (a) whether the extradition 
documents are in order on their face, (b) whether the petitioner has been 
charged with a crime in the demanding state, (c) whether the petitioner is the 
person named in the extradition request, and (d) whether the petitioner is a 
fugitive. Michigan v. Doran, 439 U.S. 282, 289, 99 S. Ct. 530, 535 
(1978); Ex parte Davis, 873 S.W.2d 711, 712 (Tex. App.—Fort Worth 1994, 
no pet.). Interstate extradition is intended to be a summary and mandatory 
executive proceeding; the Constitution does not contemplate that the asylum 
state conduct the kind of preliminary inquiry traditionally intervening between 
arrest and trial. Doran, 439 U.S. at 288, 99 S. Ct. at 535.
        A 
governor’s warrant that is regular on its face makes out a prima facie case 
that the requirements for extradition have been met. Ex parte Martinez, 
530 S.W.2d 578, 579 (Tex. Crim. App. 1975). Once a governor’s warrant has been 
admitted into evidence, it is the petitioner’s burden to demonstrate that it 
was not legally issued, it is not based on proper authority, or its recitals are 
inadequate. Ex parte Cain, 592 S.W.2d 359, 362 (Tex. Crim. App. 1980) 
(op. on reh’g). A petitioner’s defense or his guilt or innocence is not an 
issue to be determined in the asylum state during extradition proceedings. Cal. 
v. Superior Court of Cal., 482 U.S. 400, 407-08, 107 S. Ct. 2433, 2438 
(1987); State ex rel. Holmes v. Klevenhagen, 819 S.W.2d 539, 543 (Tex. 
Crim. App. 1991). The purpose of habeas corpus review of an extradition 
proceeding is not to inquire into the validity of the prosecution or confinement 
in the demanding state; rather, the sole purpose is to test the legality of the 
extradition proceedings. Echols v. State, 810 S.W.2d 430, 432 (Tex. 
App.—Houston [14th Dist.] 1991, no pet.).
        Here, 
appellant contends that under Virginia law, probation is not available in a 
civil proceeding and that a sentence cannot be suspended in a civil matter. The 
statutes cited by appellant in his brief do not support his contentions. See 
Va. Code Ann. § 16.1-129, -278.16 
(Michie 1960, 2004).[1]
        Despite 
appellant’s contentions, the extradition papers contain a Misdemeanor Trial 
Order showing that appellant was convicted of the crime of misdemeanor 
contempt of court under section 16.1-292 of the Virginia code, which provides 
that any person violating an order of the juvenile court may be “proceeded 
against” for contempt of court under that section, and “[u]pon conviction . 
. . for contempt of court . . ., the court may commit and sentence [a] party to 
confinement in a jail . . . for a fixed or indeterminate period or until the 
further order of the court. In no event, however, shall such sentence be imposed 
for a period of more than twelve months.” Id. § 16.1-292(B) (Michie 
2000). The papers also contain a statement from the Governor of Virginia 
indicating that appellant violated the terms of his probation, fled Virginia, 
and took refuge in Texas. See Tex. 
Code Crim. Proc. Ann. art. 51.13, § 3 (Vernon Supp. 2004) (providing 
that papers supporting extradition may be “a copy of a judgment of conviction 
or of a sentence imposed in execution thereof, together with a statement by the 
Executive Authority of the demanding State that the person claimed has . . . 
broken the terms of his . . . probation”).
        Section 
16.1-292 of the Virginia code does not state whether the nature of the contempt 
under that section is civil or criminal, but the extradition papers state that 
appellant stands charged with the crime of “Violation of Probation-Contempt of 
Court.” We may not look behind the governor’s warrant to the demanding 
state’s cases and statutes if the warrant is valid on its face. See 
Bentley-Guest v. State, 837 S.W.2d 413, 415 (Tex. App.—San Antonio 1992, 
no pet.).
        Taking 
as true the facts alleged in the extradition documents introduced into evidence 
at trial,[2] appellant failed to meet his burden of 
showing that he has not been charged with a crime in Virginia. See State v. 
Taylor, 838 S.W.2d 895, 898 (Tex. App.—Houston [1st Dist.] 1992, orig. 
proceeding). Thus, we overrule his issues and affirm the trial court’s order.
 
  
                                                                  TERRIE 
LIVINGSTON
                                                                  JUSTICE
   
   
PANEL 
F: LIVINGSTON, WALKER, and MCCOY, JJ.
 
PUBLISH
 
DELIVERED: 
August 24, 2004


NOTES
1.  
At the hearing on appellant’s application, the trial judge took judicial 
notice of Virginia law. See Tex. 
R. Evid. 202.
2.  
Appellant attached several documents to his brief that he claims support his 
position; however, we may not consider these documents because they were not 
considered by the trial judge and are not a part of the appellate record. See 
Rasberry v. State, 535 S.W.2d 871, 873 (Tex. Crim. App. 1976).