NUMBER 13-09-00498-CR


COURT OF APPEALS


THIRTEENTH DISTRICT OF TEXAS


CORPUS CHRISTI - EDINBURG 

 


EX PARTE: OSCAR EDGARDO GUILLEN


 


On appeal from the 92nd District Court of 

Hidalgo County, Texas.

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Yañez and Garza

Memorandum Opinion by Justice Yañez

 Appellant, Oscar Edgardo Guillen, appeals from the trial court's order denying his
petition for writ of habeas corpus and ordering his extradition to Michigan. By a single
issue, appellant contends that the trial court abused its discretion in authorizing his
extradition because he established that he is not a fugitive. We affirm. 

I. Background 


 The State of Michigan requested appellant's arrest and extradition based on
allegations of failure to pay child support and "Desertion/Abandonment/Non-Support." On
July 17, 2009, the trial court held a hearing on appellant's petition for writ of habeas
corpus, by which he challenged the legality of his arrest and extradition. The trial court
found that the Texas Governor's Warrant and supporting documentation presented by the
State met the requirements of the Uniform Criminal Extradition Act. (1) The trial court denied
appellant's petition for writ of habeas corpus, and this appeal followed. 

II. Standard of Review and Applicable Law 


 In a habeas corpus proceeding, the applicant has the burden to prove his claims by
a preponderance of the evidence. (2) In reviewing the trial court's ruling on an application for
writ of habeas corpus, we view the facts in the light most favorable to the ruling. (3) We
afford almost total deference to the trial court's determination of historical facts that are
supported by the record, especially when the court's fact findings are based on an
evaluation of credibility and demeanor. (4) We afford the same level of deference to a trial
court's ruling on an application of law to fact questions if the resolution of those ultimate
questions turns on an evaluation of credibility and demeanor. (5) We review de novo mixed
questions of law and fact that do not involve credibility and demeanor evaluations. (6) We
will uphold the trial court's ruling absent an abuse of discretion. (7)

 If the governor has signed a warrant granting extradition, a trial court entertaining
an application for writ of habeas corpus may decide only four issues: (1) whether the
extradition documents are facially in order; (2) whether the applicant has been charged
with a crime in the demanding state; (3) whether the applicant is the person named in the
demand for extradition; and (4) whether the applicant is a fugitive. (8) Additionally, an
accused may raise the issue of his mental competency to consult with counsel. (9) 

 A governor's warrant which is regular on its face is sufficient to make a prima facie
case authorizing extradition. (10) Once the governor's warrant is shown to be regular on its
face, the burden shifts to the petitioner to show that: (1) the warrant was not legally issued;
(2) it was issued on improper authority; or (3) the recitals in it are inaccurate. (11) 

 Section 3 of article 51.13 of the code of criminal procedure requires that the
extradition request from the demanding state be accompanied by either: (1) a copy of an
indictment; (2) an information supported by an affidavit; (3) an affidavit made before a
magistrate together with a warrant; or (4) a copy of a judgment of conviction or sentence
together with a statement the person has escaped from confinement or broken the terms
of his bail, probation, or parole. (12) The purpose of the requirement that the demand for
extradition be accompanied by one of the enumerated set of instruments is to demonstrate
that the person whose surrender is sought was charged in the regular course of the judicial
proceedings of the demanding state. (13) The list of supporting documents in section three
of article 51.13 has been recognized as being disjunctive in nature; that is, only one of the
supporting documents enumerated in the statute must accompany the governor's
warrant. (14)

III. Discussion 


 Appellant contends that the trial court abused its discretion in denying his habeas
petition because he is "not a fugitive." Appellant argues that the basis for the Governor's
Warrant relates to child-support arrearages owed by appellant. At the hearing, appellant
argued that: (1) the Governor's Warrant was issued on June 26, 2009; (2) on June 30,
2009, he had a telephonic hearing with Michigan authorities; (3) as a result, the Michigan
court modified his child support obligation and ordered him to make monthly payments
towards his outstanding arrearages; and (4) the order took effect on July 1, 2009, after the
issuance of the Governor's Warrant. In support, appellant submitted several documents,
including a copy of the June 30, 2009 order modifying his child support and ordering
monthly payments on arrearages. 

 In response, the State makes two arguments. First, the State contends that
Michigan's extradition request is not based on an allegation that appellant committed a
crime in Michigan and fled--the type of situation covered in section three of article 51.13. (15) 
Rather, the State asserts that Michigan has based its extradition request on allegations that
appellant committed an act in Texas which intentionally resulted in a crime in
Michigan--allegations covered by section six of article 51.13. (16) Thus, according to the
State, there is no allegation that appellant is a "fugitive" who fled from Michigan, and
appellant's argument that he is not a "fugitive" is irrelevant.

 Secondly, the State argues that "issues of the merits of the charges against the
person whose extradition is being sought are to be determined by the demanding state,
and are not to be considered by the asylum state." In support, the State cites, among other
authorities, California v. Superior Court of California, (17) State ex rel. Holmes v.
Klevenhagen, (18) Ex parte McMillan, (19) and Ex parte Lepf. (20) 

 We agree with the State on both points. Among the documents presented by the
State is an "Application for Requisition - Nonfugitive Form" from the Michigan prosecuting
attorney to Jennifer Granholm, governor of Michigan, requesting appellant's return to
Michigan. The first paragraph states,

The subject is charged with committing Count I: Child Support--Failing to
Pay and Count II: Desertion/Abandonment/Non-Support in Leelanau
County, Michigan, on July 12, 2000 to present. The charge(s) arose from
acts committed while the subject was located in Texas, that intentionally
resulted in the crime(s) charged in Michigan. 


We conclude that appellant's extradition is governed by section six of article 51.13; thus,
appellant's defense that he is not a fugitive is inapplicable. (21) 

 We also agree with the State that "[t]he purpose of habeas corpus review of an
extradition proceeding is not to inquire into the viability of the prosecution or confinement
in the demanding state; rather, the sole purpose is to test the legality of the extradition
proceedings." (22) 

 Here, the introduction of the Governor's Warrant, regular on its face, made out a
prima facie case that the requirements for extradition had been met. (23) The burden then
shifted to appellant, who was required to overcome the facts that the governor was obliged
to determine before the extradition warrant was issued. (24) Appellant challenged his
extradition only on the ground that he was not a fugitive, which the State was not required
to prove. (25) We hold the trial court did not abuse its discretion in denying appellant's
petition for writ of habeas corpus.

IV. Conclusion 


 We overrule appellant's sole issue and affirm the trial court's denial of appellant's
petition for writ of habeas corpus. 




 

Do not publish.

Tex. R. App. P. 47.2(b).

Delivered and filed the

19th day of August, 2010.




1. See Tex. Code Crim. Proc. Ann. art. 51.13 (Vernon 2006).
2. See Ex parte Mares, No. AP-76,219, 2010 Tex. Crim. App. Unpub. LEXIS 309, at *2 (Tex. Crim.
App. May 19, 2010) (citing Ex parte Peterson, 117 S.W.3d 804, 818 (Tex. Crim. App. 2003) (per curiam)). 
3. See Peterson, 117 S.W.3d at 819. 
4. Id. 
5. See id.
6. See id.
7. Id. 
8. Ex parte Potter, 21 S.W.3d 290, 294 (Tex. Crim. App. 2000). 
9. Id. at 296. 
10. Ex parte Kronhaus, 410 S.W.2d 442, 443 (Tex. Crim. App. 1969); Ex parte Rodriguez, 943 S.W.2d
97, 99 (Tex. App.-Corpus Christi 1997, no pet.). 
11. Ex parte Cain, 592 S.W.2d 359, 362 (Tex. Crim. App. 1980); Ex parte Rodriguez, 943 S.W.2d at
99.
12. Tex. Code Crim. Proc. Ann. art. 51.13, § 3. 
13. Ex parte Rosenthal, 515 S.W.2d 114, 119 (Tex. Crim. App. 1974); Ex parte Rodriguez, 943 S.W.2d
at 99. 
14. Noe v. State, 654 S.W.2d 701, 702 (Tex. Crim. App. 1983).
15. See Tex. Code Crim. Proc. Ann. art. 51.13, § 3. 
16. See id. art. 51.13, § 6. Section 6 provides that:


The Governor of this State may also surrender, on demand of the Executive Authority of any
other State, any person in this State charged in such other State in the manner provided in
Section 3 with committing an act in this State, or in a third State, intentionally resulting in a
crime in the State whose Executive Authority is making the demand, and the provisions of
this Article not otherwise inconsistent, shall apply to such cases, even though the accused
was not in that State at the time of the commission of the crime, and has not fled therefrom.


Id. 
17. 482 U.S. 400, 408 (1987).
18. 819 S.W.2d 539, 543 (Tex. Crim. App. 1991) ("Neither defenses nor the guilt or innocence of the
charged party is to be considered during extradition proceedings."). 
19. 482 S.W.2d 640, 641 (Tex. Crim. App. 1972) (same).
20. 848 S.W.2d 758, 761 (Tex. App.-Corpus Christi 1993, pet. ref'd) (same). 
21. See Tex. Code Crim. Proc. Ann. art. 51.13, § 6. 
22. Rentz v. State, 833 S.W.2d 278, 279 (Tex. App.-Houston [14th Dist.] 1992, no pet.); see
Klevenhagen, 819 S.W.2d at 543; see also Ex parte Packer, No. 14-09-493-CR, 2009 Tex. App. LEXIS 7844,
at *3 (Tex. App.-Houston [14th Dist.] Oct. 8, 2009, no pet.) (mem. op., not designated for publication); Ex
parte Lepf, 848 S.W.2d at 761. 
23. See Ex parte Martinez, 530 S.W.2d 578, 579 (Tex. Crim. App. 1975); Ex parte Lepf, 848 S.W.2d
at 760; see also Ex parte Garcia, No. 13-08-586-CR, 2009 Tex. App. LEXIS 6605, at *2 (Tex. App.-Corpus
Christi Aug. 24, 2009, no pet.) (mem. op., not designated for publication). 
24. Van Hobbs v. State, 801 S.W.2d 198, 199 (Tex. App.-Houston [14th Dist.] 1990, no pet.) (citing
Ex Parte Nelson, 594 S.W.2d 67, 68 (Tex. Crim. App. 1979); Ex Parte Bunch, 519 S.W.2d 653, 654 (Tex.
Crim. App. 1975)). 
25. See Tex. Code Crim. Proc. Ann. art. 51.13, § 6.