

# NUMBER 13-18-00279-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JONATHAN RODRIGUEZ,                                          Appellant,

v.

THE STATE OF TEXAS,                                          Appellee.

### On appeal from the 103rd District Court
### of Cameron County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Longoria**
**Memorandum Opinion by Justice Benavides**

Appellant Jonathan Rodriguez appeals from the denial of his application for writ of habeas corpus to quash an extradition warrant. By a single issue, Rodriguez argues that Article 51.13, § 6, of the code of criminal procedure which adopted the Uniform Criminal Extradition Act, violates Article III, Section 2, Clause 3 of the United States Constitution.

*See* U.S. CONST. art. III, § 2, cl. 3; TEX. CODE CRIM. PROC. ANN. art. 51.13, § 6.   We affirm.

## I.   BACKGROUND

Rodriguez was charged with five felony counts in California in March 2018. Edmund G. Brown, the Governor of California requested that Rodriguez be extradited to California.   *See* TEX. CODE CRIM. PROC. ANN. art. 51.13, § 6.   Governor Greg Abbott of Texas forwarded the Governor's extradition warrant to the Sherriff of Cameron County where Rodriguez resided.   *Id.*   Rodriguez was arrested.   In response, Rodriguez challenged extradition by filing an application for writ of habeas corpus.

The habeas court held a hearing during which Rodriguez's identity was confirmed. The State stipulated that Rodriguez had not physically been out of the State of Texas in 2017, when the alleged crimes took place.   After the hearing, the habeas court denied the application for habeas corpus.   Rodriguez appealed.

## II.   EXTRADITION

By his sole issue, Rodriguez contends that § 6 conflicts with Article III, Section 2, Clause 3, which provides in part that a trial "shall be held in the State where the said Crimes shall have been committed."   U.S. CONST. art. III, § 2, cl. 3.   The crimes alleged against Rodriguez were committed by him using his cell phone.   While in Texas, Rodriguez allegedly sent text messages to a nine-year-old child in California and asked the child to send him nude photos and sexual images.   Rodriguez allegedly threatened the child's family with harm if she failed to comply.   She complied, but later told her parents who contacted law enforcement in California.

**A.    Standard of Review**

We uphold the lower court's ruling on an application for habeas corpus absent an abuse of discretion. *Ex parte Peterson*, 117 S.W.3d 804, 818 (Tex. Crim. App. 2003) (per curiam), *overruled on other grounds by Ex parte Lewis*, 219 S.W.3d 335, 339 (Tex. Crim. App. 2007). We afford almost total deference to the habeas court's determination of historical facts that are supported by the record, especially when the court's fact findings are based on an evaluation of credibility and demeanor. *Id.*; *Ex parte Osvaldo*, 534 S.W.3d 607, 621 (Tex. App.—Corpus Christi–Edinburg 2017), *aff'd sub nom. Ex parte Garcia*, 547 S.W.3d 228 (Tex. Crim. App. 2018). We afford the same level of deference to the court's ruling on an application of law to fact questions if the resolution of those ultimate questions turns on an evaluation of credibility and demeanor. *Ex parte Osvaldo*, 534 S.W.3d at 621. We review de novo mixed questions of law and fact that do not depend on credibility and pure questions of law. *Id.*; *see also Ex parte Guillen*, No. 13-09-00498-CR, 2010 WL 3279490, at *1 (Tex. App.—Corpus Christi–Edinburg Aug. 19, 2010, no pet.) (mem. op., not designated for publication). A trial court abuses its discretion when it acts without reference to any guiding principles or rules. *See Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990).

## B.    Applicable Law

Article IV of the United States Constitution requires each state to cooperate with other states in recovering fugitives from justice. *See* U.S. CONST. art. IV, § 2. Texas adopted the Uniform Criminal Extradition Act, which is codified at article 51.13 of the code of criminal procedure. TEX. CODE CRIM. PROC. ANN. art. 51.13. Section 6 applies to persons who are not alleged to be fugitives and allows the governor to "surrender, on

3

demand of the Executive Authority of any other State, any person in this State charged in any other State in the manner provided in Section 3 . . . ."  *Id.* art. 51.13 § 6.

The United States Supreme Court has held that the province of the habeas court is solely to determine whether the extradition papers are in order and, if contested, whether the person sought is the person charged.  *See New Mexico ex rel. Ortiz v. Reed*, 524 U.S. 151, 155 (1998) (per curiam) (holding that the State of New Mexico exceeded the permissible inquiry in an extradition case and remanding for further consideration); *California v. Sup. Ct. of Cal.*, 482 U.S. 400, 412 (1987); *Michigan v. Doran*, 439 U.S. 282, 290 (1978).

> In case after case we have held that claims relating to what actually happened in the demanding State, the law of the demanding State, and what may be expected to happen in the demanding State when the fugitive returns are issues that must be tried in the courts of that State, and not in those of the asylum State.

*Michigan*, 439 U.S. at 290.

Rodriguez did not contest his identity as the person sought by California.  The habeas court found the extradition papers in order and denied relief.  In doing so, the habeas court did not abuse its discretion.  Any challenge to Rodriguez's prosecution under Article III, Section 2, Clause 3, which is essentially a challenge to the jurisdiction of the California court over him, may be made in the California courts.  *See Ex parte Leach*, 478 S.W.2d 471, 472 (Tex. Crim. App. 1972) (declining to determine in extradition proceeding whether the charging statute was valid and holding that "[t]he constitutionality of such statute is for the courts of Florida and the Supreme Court of the United States to decide"); *Ex parte Terranova*, 341 S.W.2d 660, 662 (Tex. Crim. App. 1960) ("In

4

determining whether extradition is proper, the merits of the charge or the guilt of the accused cannot be inquired into."); *Ex parte Lepf*, 848 S.W.2d 758, 760 (Tex. App.—Corpus Christi–Edinburg 1993, pet. ref'd) (holding that applicant's defense that the alleged crime in Texas with results in California could not have taken place could not be raised in extradition proceeding).

We overrule Rodriguez's sole issue.

### III. CONCLUSION

We affirm the judgment of the habeas court.

GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
3rd day of July, 2019.

5