**Ex parte Lonzy OLIVER.**

No. 41366.

Court of Criminal Appeals of Texas.

July 24, 1968.

**512**

Glenn Goodnight, Fort Worth (Court Appointed), for appellant.

Frank Coffey, Dist. Atty., R. W. Crampton, Asst. Dist. Atty., Fort Worth, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

This is an appeal from an order entered in a habeas corpus proceeding remanding appellant to custody for extradition to the State of Pennsylvania.

The Governor's Warrant, admitted in evidence without objection as State's Exhibit No. 1, recites in the first paragraph that it had been made known to the Governor of Texas by the Governor of the State of Pennsylvania that Lonzy Oliver "* * * stands charged by —————— before the proper authorities, with the crime of murder and voluntary manslaughter * *."

During the hearing it was discovered that the blank space had not been filled in and the state was given time to obtain an amended or corrected warrant.

Such a warrant was obtained and, together with the cover letter of the Secretary of State, was admitted in evidence, over appellant's objection, as State's Exhibit Nos. 2 and 3.

The admission in evidence of these exhibits is the ground upon which reversal of the order remanding appellant to custody for extradition is sought.

The Executive Warrant introduced as State's Exhibit No. 2 bears the date of August 25, 1967, and the signature of Preston Smith, Acting Governor. The warrant introduced as State's Exhibit No. 1 bears the date of May 1, 1967, and the signature of Governor John Connally. The warrants are otherwise identical except in State's Exhibit No. 2 the space left blank in State's Exhibit No. 1 is filled in and the portion of the warrant above quoted reads that Lonzy Oliver "stands charged by *INDICTMENT, CAPIAS* before the proper authorities, with the crime of Murder and Voluntary Manslaughter."

The ground of error complains that the Executive Warrant admitted in evidence as State's Exhibit No. 2 was not accompanied by supporting papers other than the hearsay letter (State's Exhibit No. 3) and no papers supporting State's Exhibit No. 2 were delivered to appellant or his counsel.

The record reflects a stipulation of appellant's counsel that he received a copy of all of the instruments that were attached to the Governor's Warrant admitted as State's Exhibit No. 1 at the time he was appointed to represent appellant, which instruments were "certified copies concerning the extradition of Lonzy Oliver."

The Executive Warrants each recite that the demand of the Governor of Pennsylvania "is accompanied by copy of said indictment, capias duly certified as authentic by the Governor of said state."

The law prescribes no form for the Executive Warrant of arrest other than that it be sealed with the State Seal; be directed to any peace officer or other person whom the Governor may think fit to entrust with the execution thereof, and "the warrant must substantially recite the facts

necessary to the validity of its issuance." Art. 51.13, Sec. 7, Vernon's A.C.C.P.

Sec. 21 of Art. 51.13, supra, provides that the Governor may recall his warrant of arrest or may issue another warrant whenever he deems proper.

The Executive Warrant introduced in evidence as State's Exhibit No. 1 was not withdrawn. It reflects that appellant was charged by "indictment, capias," despite the omission in the first paragraph, and is sufficient to authorize appellant's return to the State of Pennsylvania to answer the indictment.

The second or amended Executive Warrant issued on the same demand and supporting documents was secured after objection based upon the omission in the first. Its admission in evidence, together with the letter, was not error calling for reversal.

The judgment is affirmed.