**Ex parte Emmett Ray McCARTHY.**

**No. 44732.**

Court of Criminal Appeals of Texas.

Nov. 16, 1971.

No attorney on appeal for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

This appeal is from an order in a habeas corpus proceeding, remanding appellant to custody for extradition to the State of Oklahoma.

Appellant has not filed a brief, but matters raised during the habeas corpus hearing will be discussed.

The executive warrant of the Honorable Preston Smith, Governor of the State of Texas, was introduced. It recites that the appellant "stands convicted of the crime of escape from the state penitentiary" and that he "thereafter escaped from confinement." The supporting papers introduced by appellant include the judgment and sentence for the offense of escaping from the State penitentiary.

No abuse of discretion is shown in the overruling of the appellant's motion for continuance. It appears the appellant and his counsel had been delivered a copy of the Governor's Warrant and the supporting papers two days before the hearing.

The appellant, while testifying, admitted that he was the person named in the Governor's Warrant and that he had been convicted of the offense of escaping from the State penitentiary. Appellant testified that he had also escaped from prison in Ohio and in Georgia. He contends that he has already served a sufficient time to satisfy his punishment on the conviction for escaping from the State penitentiary.

Whether appellant has served and satisfied the sentence imposed is not for this court to decide. If appellant is entitled to release from his imprisonment under Oklahoma law, the proper forum would be the courts, state and federal, sitting in

Oklahoma. Ex Parte Venable, Tex.Cr. App., 456 S.W.2d 86.

 The executive warrant introduced in the proceedings appearing to be regular, the order remanding appellant to custody for extradition is affirmed.

No motion for rehearing will be filed by the clerk, except by leave of the court.

Opinion approved by the Court.