**Ex parte Carl MARTINO.**

**No. 45037.**

Court of Criminal Appeals of Texas.

Jan. 11, 1972.

**692**

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from an order entered on a hearing in a habeas corpus proceeding remanding the appellant to the custody of the sheriff of Dallas County for extradition to the State of California.

At the habeas corpus hearing the Executive Warrant of the Honorable Preston Smith, Governor of the State of Texas, was introduced. It recites that the appellant "stands charged by affidavit made before a magistrate together with warrant . . . with the crime of violation of Sec. 286–288a of C.P.C. [West's Ann.Cal. Pen.Code] (Sodomy and Oral Copulation) committed in said State" of California. The supporting papers were not introduced by either the State or the appellant.

 The appellant was sworn as a witness and testified concerning his arrest in the State of California on a felony warrant. There is an inference but it is not clear that the appellant was testifying concerning the offense for which extradition is sought. He further testified that after his arrest on the felony warrant the offense was reduced to a misdemeanor, to which he "entered a plea" and was sentenced; that he has never since been arrested on a felony warrant issued in the State of California or any other state except the arrest on the fugitive warrant in this state. This is all of the evidence offered and is certainly not sufficient to defeat extradition. If the appellant is contending that he has already served and satisfied the misdemeanor sentence imposed, he would not be entitled to relief in this state. See Ex Parte McCarthy, 472 S.W.2d 759 (Tex.Cr.App. 1971).

The Executive Warrant introduced in the proceedings appearing to be regular, the order remanding appellant to custody for extradition is affirmed.

No motion for rehearing will be filed by the clerk except by leave of the court.

Opinion Approved by the Court.