**Ex parte Thomas ELLIS.**

**No. 61413.**

Court of Criminal Appeals of Texas, Panel No. 2.

Oct. 10, 1979.

Rehearing En Banc Denied Nov. 14, 1979.

Floyd D. Holder, Jr., Lubbock, for appellant.

John T. Montford, Dist. Atty., and Yvonne Faulks, Asst. Crim. Dist. Atty., Lubbock, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, PHILLIPS and CLINTON, JJ.

OPINION

DOUGLAS, Judge.

This is an extradition proceeding. An application for writ of habeas corpus was filed pursuant to Article 51.13, V.A.C.C.P. The appeal is from an order denying relief and ordering petitioner remanded to an agent for transfer to North Carolina.

In July of 1970, petitioner was convicted in North Carolina for the offense of armed robbery and his punishment was assessed at fifteen years. In April of 1972 he was convicted again in North Carolina of escape from the state department of corrections and was sentenced to a six month prison term. The latter judgment recited that the sentence would begin "at the expiration of any and all sentences" then being served in the state prison system. On July 20, 1973, petitioner escaped from prison again but was not apprehended by the North Carolina authorities.

In January of 1975, petitioner was convicted in the State of Oklahoma for the possession of a controlled drug with intent to distribute. His punishment was assessed at seven years. The Oklahoma judgment recites that petitioner was being sentenced pursuant to the Uniform Disposition of Criminal Cases Upon Their Merits Act. Title 22, Oklahoma Statutes, Section 1145.1 et seq. Under that statute, the court stated that with the permission of the State of North Carolina petitioner would be allowed to plead guilty to the 1973 escape charge as well as the Oklahoma drug charge. Petitioner's sentence, again with the permission of North Carolina, was to satisfy the 1970 armed robbery prison term still remaining, the 1973 escape charge and the 1975 Oklahoma drug charge. No mention was made of the 1972 escape charge and conviction.

Petitioner served his full Oklahoma sentence and, upon release, ultimately made his way to Lubbock. There, on February 15, 1979, petitioner was arrested on an extradition warrant from the State of North Carolina on the charge of escape.

■ Petitioner contends that the extradition warrant is invalid because it would subject him to double punishment for his North Carolina convictions in violation of the double jeopardy clause. Amendment 5, United States Constitution; Article 1, Section 14, Texas Constitution. In short, he argues that the Oklahoma judgment and sentence satisfied the demands of the State of North Carolina. We disagree.

An examination of the Oklahoma judgment reveals no mention of petitioner's *1972* escape and conviction. It merely recites that petitioner's sentence was in satisfaction of the Oklahoma charges, the 1970 North Carolina armed robbery and the *1973* North Carolina escape. The 1972 North Carolina escape judgment recites that petitioner's six month sentence for escape would begin at the expiration of any and all then-pending sentences.

■ Whether petitioner has satisfied the 1972 sentence imposed in North Carolina is not for this Court to decide. The appropriate forum would be the courts of North Carolina. *Ex parte McCarthy,* 472 S.W.2d 759 (Tex.Cr.App.1971).

The proceedings are regular. The judgment is affirmed.