# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00819-CR

## Ex parte Robert Austin

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT
### NO. GV-002907, HONORABLE MICHAEL LYNCH, JUDGE PRESIDING

Robert Austin applied for a writ of habeas corpus seeking to prevent his extradition to Kansas. The writ issued and, after a hearing, the district court denied the relief sought. In his only point of error, Austin contends that a delay in taking him before a magistrate denied him due process of law. *See* U.S. Const. amend. XIV. We will affirm.

The governor's extradition warrant was issued on June 5, 2000. According to the testimony, appellant was incarcerated in Travis County on June 16, 2000, to serve sentences imposed in unrelated Texas prosecutions. Appellant received a copy of the extradition warrant on June 20. Appellant completed his Texas sentences on September 29, 2000, after which he continued to be held on the extradition warrant. He was taken before a judge and advised of his rights regarding extradition on October 9, 2000. *See* Tex. Code Crim. Proc. Ann. art. 51.13, § 10 (West 1979). He subsequently filed his habeas corpus application complaining of the delay between the expiration of his Texas sentences on September 29 and the October 9 appearance before the judge. In his testimony at the hearing, appellant did not claim to have been harmed by this delay.

Article 51.13, section 10 provides that a person arrested on an extradition warrant "shall first be taken forthwith before a judge" to be advised of his rights. *Id*. Appellant also refers us to the statutory requirement that an arrested person be taken before a magistrate "without unnecessary delay." Tex. Code Crim. Proc. Ann. arts. 14.06(a), 15.17(a) (West Supp. 2001). Appellant cites no authority holding that any of these statutes imposes a specific time limit within which a person arrested on an extradition warrant must be taken before a magistrate.

Once the governor of the asylum state has granted extradition, a court considering release on habeas corpus is limited to a determination of whether the extradition documents are facially in order, whether the applicant has been charged with a crime in the demanding state, whether the applicant is the person named in the request for extradition, and whether the applicant is a fugitive. *Michigan v. Doran*, 439 U.S. 282, 288-89 (1978); *State ex rel. Holmes v. Klevenhagen*, 819 S.W.2d 539, 543 (Tex. Crim. App. 1991). The court is without authority to consider equitable issues during the habeas corpus hearing. *Holmes v. Klevenhagen*, 819 S.W.2d at 543.

Appellant does not, and did not below, question the regularity of the extradition documents, his identity as the person charged with a crime in Kansas and named in the extradition request, or his status as a fugitive. On this record, there is no basis for disturbing the district court's order.

2

The order is affirmed.

_____

David Puryear, Justice

Before Justices Kidd, B. A. Smith and Puryear

Affirmed

Filed:   May 31, 2001

Do Not Publish