# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00017-CR

## Ex parte Mark Anthony Trapasso

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT NO. 01-711-C368, HONORABLE BURT CARNES, JUDGE PRESIDING

Mark Anthony Trapasso applied for a writ of habeas corpus to contest his extradition to Missouri. The writ issued, and after a hearing the relief sought was denied. Trapasso appeals from the extradition order.[1]

This cause grows out of a child custody dispute between Trapasso, who lives in Texas, and his former wife, who lives in Missouri. The couple was divorced in Williamson County. At the time of the divorce, Trapasso's wife was living in Missouri with their son. According to Trapasso, she refused to comply with the child custody provisions of the decree. After efforts to enforce his custody rights in the Missouri courts were unsuccessful, Trapasso went to Missouri, took his son from his former wife's residence, and returned with him to Texas. He was subsequently charged in Missouri with the offenses of burglary, assault, and child abduction.

---

[1] Trapasso's attorney has filed a motion for voluntary dismissal stating that Trapasso has chosen to waive further opposition to extradition. The motion is not signed by Trapasso as required by rule. Tex. R. App. P. 42.2(a). The motion is overruled.

In his first issue, Trapasso asserts that he "has not been charged with a crime." A reading of the argument in support of this assertion, however, reveals that he is actually asserting his innocence of one of the crimes charged. His argument is summarized by this sentence in his brief: "Since Mr. Trapasso was entitled to legal custody of his son on October 17, 2001, and Ms. Trapasso had no custody rights, it is not possible for Mr. Trapasso to have abducted his child."

The Uniform Criminal Extradition Act provides that the guilt or innocence of the accused is not a proper consideration for the asylum state. Tex. Code Crim. Proc. Ann. art. 51.13, § 20 (West 1979). In any event, Trapasso's argument is relevant only to the child abduction accusation; it does not speak to the burglary and assault accusations. Trapasso's first issue does not raise a proper challenge to extradition.

Trapasso's second issues asks, "Is Texas required to extradite one of its citizens to a state that has refused to give full faith and credit to Texas orders, and made it clear justice will not be served?" Aside from the fact that the record is inadequate to review the actions of the Missouri courts, the courts of the asylum state are "without authority to consider equitable issues." *State ex rel. Holmes v. Klevenhagen*, 819 S.W.2d 539, 543 (Tex. Crim. App. 1991). Trapasso's second issue does not properly challenge his extradition.

The extradition act allows only four issues to be raised in the asylum state: whether the extradition documents are in order, whether the applicant has been charged with a crime in the demanding state, whether the applicant is the person named in the request for extradition, and whether the applicant is a fugitive. *Klevenhagen*, 819 S.W.2d at 543 (citing *Michigan v. Doran*, 439

2

U.S. 282, 289 (1978)).  Trapasso seeks only to raise the second of these issues, and we find that his arguments are without merit.  Accordingly, we affirm the district court's order.

_____

Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed

Filed:   April 11, 2002

Do Not Publish