Ex parte Booker

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-522-CR

EX PARTE ANTHONY D. BOOKER 

------------

FROM THE 30TH DISTRICT COURT OF WICHITA COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Anthony D. Booker filed an application for writ of habeas corpus seeking to avoid extradition to Ohio.  After a hearing, the trial court denied the relief he sought.  In a single issue, appellant contends that the trial court should have granted habeas corpus relief because a violation of Ohio’s post-release control is not equivalent to a violation of probation or parole, and is not a lawful basis for extradition.  We will affirm.

Appellant was found guilty of burglary and sentenced to three years in the Ohio Department of Rehabilitation and Corrections.  He was informed of the applicable period of post-release control at the imposition of his sentence.  After serving his sentence, appellant was released on July 8, 2001 and placed on post-release control.  In April of 2003, appellant was apprehended in Texas and charged with being a fugitive from justice from the State of Ohio.  He demanded the issuance of a Governor’s Warrant.  The State of Ohio issued a request for extradition on June 9 and shortly thereafter Texas issued a Governor’s Warrant.  Appellant filed his application for writ of habeas corpus on October 13, 2003.  

Texas courts are bound by the extradition clause of the United States Constitution and by the Uniform Criminal Extradition Act.  
U.S. Const. 
art. IV, § 2, cl. 2
; Tex. Code Crim. Proc. Ann.
 art. 51.13 (Vernon Supp. 2004); 
State ex rel. Holmes v. Klevenhagen
, 819 S.W.2d 539, 542 (Tex. Crim. App. 1991).  The Supreme Court has noted that “[i]nterstate extradition was intended to be a summary and mandatory executive proceeding.”  
Michigan v. Doran
, 439 U.S. 282, 288, 99 S. Ct. 530, 535 (1978).  The function of an asylum state in extradition proceedings has been limited to discerning whether the requirements of the Extradition Act have been met.  
Holmes
, 819 S.W.2d at 542.  A Governor’s Warrant, regular on its face, is prima facie evidence that the constitutional and statutory requirements have been fulfilled.  
Id
.  The burden shifts to the petitioner to show that the warrant was not legally issued, that it was issued on improper authority, or that the recitals in it are inaccurate.  
Ex parte Cain
, 592 S.W.2d 359, 362 (Tex. Crim. App. 1980) (op. on reh’g). 

Appellant argues that the Governor’s Warrant was not legally issued because he was not charged with a new crime and he did not violate the conditions of parole, probation, or bail.  
See
 Tex. Code Crim. Proc. Ann.
 art. 51.13, §§ 2, 3.  He contends that Ohio’s post-release control is not equivalent to parole or probation because appellant had already served his entire three-year sentence.

The Supreme Court of Ohio has stated that “post-release control is part of the original judicially imposed sentence.”  
Woods v. Telb
, 733 N.E.2d 1103,  1110 (Ohio 2000).  Until the applicable period of post-release control has been completed, the sentence has not been fully served.  
Id.
  The 
Woods 
court also discussed the similarities between parole and post-release control, noting that the same legislation that eliminated parole in Ohio enacted the concept of post-release control.  
Id
. at 1106-07.  Further, the request for extradition from the governor of Ohio stated that appellant “was placed on parole and has violated the terms thereof.”  Finally, the courts of Ohio are the appropriate forum for appellant’s challenge that his sentence has already been fully served, not this court.  
See Ex parte Ellis
, 589 S.W.2d 128, 129 (Tex. Crim. App. [Panel Op.] 1979); 
see also Ex parte McCarthy
, 472 S.W.2d 759, 759-60 (Tex. Crim. App. 1971).  We overrule appellant’s issue.

The trial court’s judgment is affirmed.

SAM J. DAY

JUSTICE

PANEL A: WALKER, J.; SAM J. DAY, J. (Retired, Sitting by Assignment); and WILLIAM BRIGHAM (Senior Justice, Retired, Sitting by Assignment).

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: August 5, 2004

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.