COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-522-CR
  
  
EX 
PARTE ANTHONY D. BOOKER
 
  
------------
 
FROM 
THE 30TH DISTRICT COURT OF WICHITA COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Anthony 
D. Booker filed an application for writ of habeas corpus seeking to avoid 
extradition to Ohio. After a hearing, the trial court denied the relief he 
sought. In a single issue, appellant contends that the trial court should have 
granted habeas corpus relief because a violation of Ohio’s post-release 
control is not equivalent to a violation of probation or parole, and is not a 
lawful basis for extradition. We will affirm.
        Appellant 
was found guilty of burglary and sentenced to three years in the Ohio Department 
of Rehabilitation and Corrections. He was informed of the applicable period of 
post-release control at the imposition of his sentence. After serving his 
sentence, appellant was released on July 8, 2001 and placed on post-release 
control. In April of 2003, appellant was apprehended in Texas and charged with 
being a fugitive from justice from the State of Ohio. He demanded the issuance 
of a Governor’s Warrant. The State of Ohio issued a request for extradition on 
June 9 and shortly thereafter Texas issued a Governor’s Warrant. Appellant 
filed his application for writ of habeas corpus on October 13, 2003.
        Texas 
courts are bound by the extradition clause of the United States Constitution and 
by the Uniform Criminal Extradition Act. U.S. 
Const. art. IV, § 2, cl. 2; Tex. 
Code Crim. Proc. Ann. art. 51.13 (Vernon Supp. 2004); State ex rel. 
Holmes v. Klevenhagen, 819 S.W.2d 539, 542 (Tex. Crim. App. 1991). The 
Supreme Court has noted that “[i]nterstate extradition was intended to be a 
summary and mandatory executive proceeding.” Michigan v. Doran, 439 
U.S. 282, 288, 99 S. Ct. 530, 535 (1978). The function of an asylum state in 
extradition proceedings has been limited to discerning whether the requirements 
of the Extradition Act have been met. Holmes, 819 S.W.2d at 542. A 
Governor’s Warrant, regular on its face, is prima facie evidence that the 
constitutional and statutory requirements have been fulfilled. Id. The 
burden shifts to the petitioner to show that the warrant was not legally issued, 
that it was issued on improper authority, or that the recitals in it are 
inaccurate. Ex parte Cain, 592 S.W.2d 359, 362 (Tex. Crim. App. 1980) 
(op. on reh’g).
        Appellant 
argues that the Governor’s Warrant was not legally issued because he was not 
charged with a new crime and he did not violate the conditions of parole, 
probation, or bail. See Tex. Code 
Crim. Proc. Ann. art. 51.13, §§ 2, 3. He contends that Ohio’s 
post-release control is not equivalent to parole or probation because appellant 
had already served his entire three-year sentence.
        The 
Supreme Court of Ohio has stated that “post-release control is part of the 
original judicially imposed sentence.” Woods v. Telb, 733 N.E.2d 1103, 
1110 (Ohio 2000). Until the applicable period of post-release control has been 
completed, the sentence has not been fully served. Id. The Woods 
court also discussed the similarities between parole and post-release control, 
noting that the same legislation that eliminated parole in Ohio enacted the 
concept of post-release control. Id. at 1106-07. Further, the request for 
extradition from the governor of Ohio stated that appellant “was placed on 
parole and has violated the terms thereof.” Finally, the courts of Ohio are 
the appropriate forum for appellant’s challenge that his sentence has already 
been fully served, not this court. See Ex parte Ellis, 589 S.W.2d 128, 
129 (Tex. Crim. App. [Panel Op.] 1979); see also Ex parte McCarthy, 472 
S.W.2d 759, 759-60 (Tex. Crim. App. 1971). We overrule appellant’s issue.
        The 
trial court’s judgment is affirmed.
  
   
                                                                  SAM 
J. DAY
                                                                  JUSTICE
  
 
PANEL 
A:   WALKER, J.; SAM J. DAY, J. (Retired, Sitting by 
Assignment); and WILLIAM BRIGHAM (Senior Justice, Retired, Sitting by 
Assignment).
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
August 5, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.