11th Court of Appeals
Eastland, Texas
Opinion
 
Ex parte Jeffery Orville Dicks
            No. 11-04-00114-CR -- Appeal from Palo Pinto County
 
            Jeffery Orville Dicks, appellant, appeals from the denial of his petition for writ of habeas
corpus. TEX.R.APP.P. 31. Appellant sought habeas corpus relief to challenge his arrest pursuant
to a governor’s warrant and extradition proceedings. After a hearing, the trial court denied
appellant’s petition for writ of habeas corpus. We affirm. 
            In his sole point of error, appellant contends that the warrant from Indiana cannot form the
basis for a writ of extradition because it did not involve a felony offense. Appellant also contends
that the Indiana judgment of conviction is void because he was convicted in absentia. 
            U.S. CONST. art. IV, § 2, cl. 2 provides: 
A Person charged in any State with Treason, Felony, or other Crime, who
shall flee from Justice, and be found in another State, shall on Demand of the
executive Authority of the State from which he fled, be delivered up, to be removed
to the State having Jurisdiction of the Crime. 
The only manner to test the legality of a governor’s extradition warrant is through the filing of an
application for writ of habeas corpus. Ex parte Chapman, 601 S.W.2d 380 (Tex.Cr.App.1980). The
Supreme Court has limited the function of an asylum state in extradition proceedings. A court in an
asylum state may do no more than ascertain whether the requisites of the Uniform Criminal
Extradition Act (TEX. CODE CRIM. PRO. ANN. art. 51.13 (Vernon Pamph. Supp. 2004 - 2005))
have been met. New Mexico, ex rel. Ortiz v. Reed, 524 U.S. 151 (1998); California v. Superior
Court of California, 482 U.S. 400 (1987). Once the governor of an asylum state grants extradition,
a court considering release on habeas corpus can consider only the following: (1) whether the
extradition documents on their face are in order; (2) whether the petitioner has been charged with
a crime in the demanding state; (3) whether the petitioner is the person named in the request for
extradition; and (4) whether the petitioner is a fugitive. Michigan v. Doran, 439 U.S. 282, 289
(1978); State ex rel. Holmes v. Klevenhagen, 819 S.W.2d 539, 543 (Tex.Cr.App.1991). Courts in
the asylum state are “without authority to consider equitable issues.” State ex rel. Holmes v.
Klevenhagen, supra at 543. Furthermore, a governor’s grant of extradition is prima facie evidence
that constitutional and statutory requirements have been met. Michigan v. Doran, supra. 
            During the writ hearing in this case, the State introduced the governor’s warrant and the
supporting papers from Indiana as an exhibit. The exhibit was admitted without objection. The
documents appear on their face to be in order. The governor’s warrant, signed by Governor Rick
Perry on February 25, 2004, is based on representations made by the governor of Indiana that
appellant was convicted of the felony offense of “operating a motor vehicle while privileges are
forfeited for life,” that appellant failed to appear for sentencing and fled to the State of Texas, and
that appellant was a fugitive. The warrant is supported by the order of requisition, the application
for requisition, the information charging appellant with the crime, the affidavit of probable cause,
the order adjudicating appellant’s guilt and noting that appellant failed to appear for trial, an Indiana
arrest warrant having the same cause number as the order, the affidavit of identification, and
appellant’s photo. Appellant testified at the writ hearing and admitted his identity as the person
named in the extradition documents. 
            After reviewing the record from the writ hearing, we conclude that the requisites of Doran
and the Extradition Act have been met. Appellant’s point of error is overruled. 
            The judgment of the trial court is affirmed. 
 
                                                                                                W. G. ARNOT, III
                                                                                                CHIEF JUSTICE 
 
April 28, 2005 
Do not publish. See TEX.R.APP.P. 47.2(b). 
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.