**Opinion issued March 14, 2013**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-12-01010-CR

————————————

**RONALD LUCERO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Criminal Court at Law No. 10**
**Harris County, Texas**
**Trial Court Cause No. 1852939**

## MEMORANDUM OPINION

Ronald Lucero was arrested pursuant to a Governor's Warrant ordering his extradition to the State of Arizona. *See* TEX. CODE CRIM. PROC. ANN. art. 51.13, § 2 (West 2006). After his arrest, Lucero filed an application for a writ of habeas corpus, challenging the legality of his arrest. *See id.* § 10. The trial court granted

the application for a writ, held a hearing, and denied Lucero's request for an order discharging him from custody. *See* TEX. CODE CRIM. PROC. ANN. arts. 11.15, 11.46 (West 2005). Lucero timely filed a notice of appeal. *See* TEX. R. APP. P. 26.2(a)(1), 31.

We affirm.

## Background

Lucero was convicted of the felony offense of kidnapping in 2000 in Bexar County, Texas. *See* TEX. PENAL CODE ANN. § 20.03 (West 2011).

In December 2011, Lucero was indicted in Arizona for the felony offense of failure to register as a sex offender. *See* ARIZ. REV. STAT. ANN. §§ 13-3821, 13-3824 (2012). The indictment alleges that Lucero, "who was required by the convicting jurisdiction, Bexar County, Texas, to register as a sex offender, failed to register with the Sheriff of Maricopa County within ten days after the conviction or entering and remaining in this County." On the same day that the indictment was signed, a warrant signed by an Arizona Superior Court judge was issued for Lucero's arrest in Arizona, which states that the "Court has found probable cause . . . to believe that such offense(s) was/were committed and that the defendant committed it/them, and reason to believe that the defendant will not appear in response to a summons, or that a warrant is otherwise appropriate." In response to a request for extradition from Arizona Governor Janice Brewer, Texas Governor

Rick Perry signed a Governor's Warrant for Lucero's extradition on August 21, 2012, ordering that Lucero be returned to Arizona. *See* TEX. CODE CRIM. PROC. ANN. art. 51.13, § 2.

Shortly thereafter, Lucero filed an "Application for Writ of Habeas Corpus Challenging Legality of Arrest Under Governor's Warrant." *See* TEX. CODE CRIM. PROC. ANN. art. 11.08 (West 2005). The trial court denied the relief requested in his application. Lucero timely appealed.

## Standard of Review

We review a trial court's ruling on a pretrial writ of habeas corpus for an abuse of discretion. *See Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006); *Washington v. State*, 326 S.W.3d 701, 704 (Tex. App.—Houston [1st Dist.] 2010, no pet.). In conducting this review, we view the facts in the light most favorable to the trial court's ruling. *See Kniatt*, 206 S.W.3d at 664; *Washington*, 326 S.W.3d at 704.

## Analysis

In his sole issue on appeal, Lucero contends that the Arizona indictment fails to charge him with a crime because he has not been convicted of a criminal offense that imposes a duty to register as a sex offender and therefore has no duty to register as a sex offender.

3

**1.** **Arizona, not Texas, is the proper forum to determine whether Lucero violated Arizona law**

The Extradition Clause of the United States Constitution, which requires each state to assist other states in recovering fugitives from justice, states:

> A Person charged in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the Crime.

U.S. CONST. art. IV § 2, cl. 2.  The Clause is written in "mandatory language", and "the courts of an asylum state are bound by [it], by [18 U.S.C.] § 3182[1], and, where adopted, by the Uniform Criminal Extradition Act."  *Michigan v. Doran*, 439 U.S. 282, 288, 99 S. Ct. 530, 535 (1978) (internal citation omitted).  The purpose of the Clause is "to enable each state to bring offenders to trial as swiftly as possible in the state where the alleged offense was committed" and "to preclude any state from becoming a sanctuary for fugitives from justice of another state."  *Id.* at 287, 99 S. Ct. at 534.  Interstate extradition pursuant to the Clause is

---

[1] The federal implementation of the Extradition Clause, codified at 18 U.S.C. § 3182, requires the executive authority of any state to which a fugitive from another state has fled, upon demand of the executive authority of the demanding state and production of a copy of an indictment found or affidavit made before a magistrate, charging the fugitive with treason, a felony, or another crime, that has been certified by the governor of the demanding state, to cause the fugitive to be arrested and to deliver the fugitive to the agent of the executive authority of the demanding state.  18 U.S.C.S. § 3182; *see Michigan v. Doran*, 439 U.S. 282, 287, 99 S. Ct. 530, 534 (1978).

"intended to be a summary and mandatory executive proceeding." *Id.* at 288, 99 S. Ct. at 535.

Texas has adopted the Uniform Criminal Extradition Act, codified as article 51.13, Texas Code of Criminal Procedure, which provides that "it is the duty of the Governor of this State to have arrested and delivered up to the Executive Authority of any other State of the United States any person charged in that State with treason, felony, or other crime, who has fled from justice and is found in this State." TEX. CODE CRIM. PROC. ANN. art. 51.13, § 2; *State ex rel. Holmes v. Klevenhagen*, 819 S.W.2d 539, 540, 542 n.7 (Tex. Crim. App. 1991).

The introduction of a Governor's Warrant, regular on its face, is sufficient to make out a prima facie case that the constitutional and statutory requirements for extradition have been met. *See Doran*, 439 U.S. at 289, 99 S.Ct. at 535; *Klevenhagen*, 819 S.W.2d at 542. Once a governor has granted extradition, a court considering an application for writ of habeas corpus may only consider four issues: "(a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive." *Doran*, 439 U.S. at 289, 99 S.Ct. at 535; *see Klevenhagen*, 819 S.W.2d at 543. The reviewing court may consider neither possible defenses nor the guilt or innocence of the person charged, nor may the court review the

5

demanding state's determination that probable cause exists for the person's arrest. *See California v. Superior Court of California*, 482 U.S. 400, 407–08, 107 S.Ct. 2433, 2438 (1987); *Doran*, 439 U.S. at 290; 99 S.Ct. at 536; *Klevenhagen*, 819 S.W.2d at 543.

Once the Governor's Warrant, regular on its face, is introduced into evidence, the burden shifts to the accused to show the warrant was not legally issued, not based on proper authority, or contains inaccurate recitals. *See Ex parte Cain*, 592 S.W.2d 359, 362 (Tex. Crim. App. 1980); *Ibarra v. State*, 961 S.W.2d 415, 417 (Tex. App.—Houston [1st Dist.] 1997, no pet.). The State is not obligated to offer any of the documents supporting the Governor's Warrant. *See Cain*, 592 S.W.2d at 362. The accused opposing extradition may offer into evidence any of the papers that were used to support the warrant in an attempt to show a defect. *See id.* The accused may not, however, complain about any of the papers which have not been offered. *See id.*

Lucero challenges only the requirement that he has been charged with a crime in the demanding state, claiming that the Arizona indictment fails to allege a crime. If this contention was true, Lucero would have rebutted the prima facie case and the warrant would not be valid. *See* TEX. CODE CRIM. PROC. ANN. art. 51.13, § 3 (requiring indictment to "substantially charge the person demanded with having committed a crime under the law of that State"); *Stelbacky v. State*, 22

6

S.W.3d 583, 587 (Tex. App.—Amarillo 2000, no pet.). However, it is well established that unless the indictment is clearly void,[2] its validity must be determined by the demanding state. *See Ex parte Rosenthal*, 515 S.W.2d 114, 119 (Tex. Crim. App. 1974); *Stelbacky*, 22 S.W.3d at 587; *Ex parte McConnell*, 726 S.W.2d 632, 633 (Tex. App.—Fort Worth 1987, no pet.).

Lucero argues that he was convicted in Bexar County for kidnapping without any finding regarding the age of the victim; he therefore has no duty to register as a sex offender in Texas; and, consequently, the allegations in the Arizona indictment do not sufficiently allege that he committed a criminal offense. The indictment, however, alleges that Lucero "was required by the convicting jurisdiction, Bexar County, Texas, to register as a sex offender" and that he failed to do so, thereby substantially charging him with the offense of failure to register as a sex offender. *See* ARIZ. REV. STAT. ANN. §§ 13-3821, 13-3824. Further

---

[2]    Prior to 1985, a Texas indictment was "void" if it contained a defect of substance. *See Teal v. State*, 230 S.W.3d 172, 175 (Tex. Crim. App. 2007). In 1985, however, "the citizens of Texas and their legislature resoundingly rejected this hypertechnical case law both by Constitutional amendment and by statute." *Id.* at 176. Now, "all substantive defects in indictments are waiveable under the statutes and these defects do not render the indictment 'void.'" *Id.* at 178. Further, an indictment is not "void" even if it "fails to allege one element of an offense or . . . contains additional information that may indicate innocence." *Id.* at 181. After 1985, it appears that an indictment is only "void" if it fails to constitute an indictment at all because it fails to charge (1) a person, (2) the commission of an offense, or (3) an offense for which the trial court has subject-matter jurisdiction. *Id.* at 179–80. And, because no party has shown to the contrary, we presume indictment law in Arizona is the same as Texas. *See Ibarra v. State*, 961 S.W.2d 415, 417 (Tex. App.—Houston [1st Dist.] 1997, no pet.).

7

inquiry into the allegations contained in the indictment would require us to engage in a probable cause determination, which we may not do.[3] *See Doran*, 439 U.S. at 290, 99 S.Ct. at 536; *Klevenhagen*, 819 S.W.2d at 543; *Cain*, 592 S.W.2d at 363. "To allow plenary review in the asylum state of issues that can be fully litigated in the charging state would defeat the plain purposes of the summary and mandatory procedures authorized by [the Extradition Clause]." *Doran*, 439 U.S. at 290, 99 S. Ct. at 536. Rather, "[i]f we accept as true every fact alleged [in the indictment], [appellant is] properly charged with [failure to register as a sex offender] under [Arizona] law," which "ends the inquiry into the issue whether or not a crime is charged for purposes of the Extradition Act." *Superior Court of California*, 482 U.S. at 409, 107 S.Ct. at 2439. Whether Arizona can successfully prosecute Lucero is a matter to be determined by a court in that jurisdiction. *See Stelbacky*, 22 S.W.3d at 588; *McConnell*, 726 S.W.2d at 634.

**2.** **Lucero has not satisfied his burden of proving that the Arizona indictment failed to charge him with committing a crime**

Lucero contends that the Arizona indictment fails to charge him with a crime. According to Lucero, he was convicted in Bexar County for kidnapping

---

[3] "An accused's only recourse in challenging probable cause in the demanding state arises if the documents supporting the Governor's Warrant are insufficient to establish that a judicial determination of probable cause has been made in the demanding state." *Ex parte Cain*, 592 S.W.2d at 363. Here, both the return of an indictment by a grand jury and the statement in the warrant that the warrant was issued upon probable cause reflect a judicial determination of probable cause in the demanding state.

8

without any finding regarding the age of the victim; he therefore has no duty to register as a sex offender in Texas[4]; the allegations in the Arizona indictment thus fail to charge him with the commission of a crime; and, consequently, he cannot be extradited based on the faulty Arizona indictment.

Even if we could consider Lucero's argument, an applicant for a writ of habeas corpus bears the burden of proving his allegations by a preponderance of the evidence. *See Washington v. State*, 326 S.W.3d 701, 706 (Tex. App.—Houston [1st Dist.] 2010, no pet.). The applicant also must ensure that a sufficient record is presented to show error requiring reversal on appeal. *See id.*

During the hearing on his application for a writ of habeas corpus, Lucero showed a copy of the Bexar County judgment to the trial court. Neither Lucero nor the State offered any other records or documents from his conviction for kidnapping in Bexar County. Therefore, although Lucero cites to both the reporter's and the clerk's records from the kidnapping case out of Bexar County,

---

[4] Lucero also argues that he has no duty to register as a sex offender under Arizona law. State's Exhibit No. 1 is a copy of the sex offender registration statute in Arizona. Pursuant to Arizona law, a person must register as a sex offender if the person has been convicted of an offense in a jurisdiction outside of Arizona that has the same elements of either Arizona's unlawful imprisonment or kidnapping statutes, the victim of the unlawful imprisonment or kidnapping was under 18 years of age, and the offense was not committed by the victim's parent. See ARIZ. REV. STAT. ANN. § 13-3821 (2012). Lucero argues that for this provision to require a convicted person to register, the judgment in the case must incorporate the age of the victim. Because it is unnecessary to the outcome of this appeal, we will not address this argument or address whether Arizona's indictment authorizes prosecution pursuant to the "same elements" provision.

9

no such records were presented to the trial court and no such records appear in the appellate record in this case. As a result, Lucero has established, at most, that the Bexar County judgment does not contain an affirmative finding that his kidnapping victim was younger than 17 years of age.[5]

Pursuant to the Code of Criminal Procedure, however, a person convicted of kidnapping must register as a sex offender if the judgment contains an affirmative finding that the victim was younger than 17 years of age at the time of the offense or if the order in the hearing or papers in the case contain such an affirmative finding. *See* TEX. CODE CRIM. PROC. ANN. art. 62.001(5)(E) (West Supp. 2012); *see also Rodriguez v. State*, 93 S.W.3d 60, *passim* (Tex. Crim. App. 2002) (holding that retroactive application of sex offender registration statute does not violate Ex Post Facto Clauses of United States and Texas Constitutions).

Accordingly, by failing to introduce the transcript of the hearing and the complete clerk's record from the kidnapping case, Lucero has failed to provide a sufficient record to prove that he is not required to register as a sex offender in Texas based on an affirmative finding in the order in the hearing or the papers in the case, and he has therefore failed to show that the allegations in the Arizona indictment are deficient. *See* TEX. CODE CRIM. PROC. ANN. art. 62.001(5)(E)(ii);

---

[5] We make no determination regarding the effect, if any, of the judgment's description of the offense that Lucero was convicted of as "kidnapping – minor" rather than "kidnapping."

10

*Cain*, 592 S.W.2d at 362; *Washington*, 326 S.W.3d at 706. Consequently, Lucero failed to rebut the prima facie case for extradition created by the introduction of the Governor's Warrant in evidence. *See Doran*, 439 U.S. at 289, 99 S. Ct. at 535; *Klevenhagen*, 819 S.W.2d at 542.

## Conclusion

Because Lucero's argument would require us to review the Arizona indictment's probable cause determination and because he failed to provide a sufficient record to show error requiring reversal on appeal, we overrule his sole point of error.

We affirm the judgment.

Harvey Brown
Justice

Panel consists of Chief Justice Radack and Justices Higley and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).