**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-24-00297-CR**
_____

**IN RE WILLIAM CURTIS JONES**

_____

**Original Proceeding**
**252nd District Court of Jefferson County, Texas**
**Trial Cause No. 15-23712**
_____

**MEMORANDUM OPINION**

In a petition for a writ of mandamus, William Curtis Jones asks this Court to "modify the Trial, and Appellate Court Records to uphold a fair and impartial portrayal of the case, reassess its unconstitutional treatment of the Relator's Writs, Petitions, or Motions, overturn the judgment, or remand the case to the Trial Court." As alternative relief, Jones asks the Court of Appeals to instruct the trial court to "present the '**Criminal Complaint Affidavit**' or '**Probable Cause Affidavit**,' explicitly indicating that the '**accused-defendant**' and the **accuser-complainant owner**' are not the same individuals as the Relator." Additionally, Jones asks this

Court "to compel the *252nd Judicial District Court* to make rulings on all pending motions[]" and issue an order "finding the dismissal of the fraudulent **Criminal Complaint Affidavit** will ultimately lead to the dismissal of the fatally flawed Indictments, thus advancing the order to set aside the judgment of conviction[.]"

"[I]n order for mandamus to issue, the party seeking mandamus must show that there is no other adequate remedy available and that the act sought to be compelled is a ministerial act." *State ex rel. Holmes v. Klevenhagen*, 819 S.W.2d 539, 541 (Tex. Crim. App. 1991) (orig. proceeding). After reviewing the petition, issues, and arguments, we conclude that Jones has failed to establish that he is entitled to the relief sought in his petition. Accordingly, we deny the petition for a writ of mandamus. *See* Tex. R. App. P. 52.8(a).

PETITION DENIED.

PER CURIAM

Submitted on September 24, 2024
Opinion Delivered September 25, 2024
Do Not Publish

Before Golemon, C.J., Johnson and Chambers, JJ.

2